UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DARIUS HOWARD,

                               Plaintiff,

             -against-                                    Dkt. No. 23 Civ. 06561 (FPG) (MJP)

CITY OF ROCHESTER,
JONATHAN LAUREANO,
COUNTY OF MONROE, and
DARREN PILATO,

                               Defendants.
-------------------------------------------------------------X

## JOINT PROPOSED DISCOVERY PLAN

*Pre-Discovery*

        **1.**        **Counsel.**

*Counsel for Plaintiff Darius Howard*

| | |
|---|---|
| Clyde Rastetter | Elliot Shields |
| Kopke Christiana & Rastetter LLP | Roth & Roth, LLP |
| 199 Cook Street, Suite 308 | 192 Lexington Ave., Suite 802 |
| Brooklyn, NY 11206 | New York, NY 10016 |
| t/f: (917) 451-9525 | t: (212) 425-1020 |
| e: clyde@kcrllp.com | f: (212) 503-3248 |
| | e: eshields@rothandrothlaw.com |

*Counsel for Defendants City of Rochester and Jonathan Laureano*

Christopher S. Noone
City of Rochester Law Department
30 Church Street, Room 400A
Rochester, NY 14614
t: (585) 428-6753
e: Chris.Noone@CityofRochester.gov

*Counsel for Defendants County of Monroe and Darren Pilato*

Adam M. Clark
County of Monroe, Department of Law
307 County Office Building, 39 West Main Street
Rochester, NY 14614
t: (585) 753-1374
e: adamclark@monroecounty.gov

**2.     Rule 26 meeting.**

All counsel listed above met and conferred as required by Rule 26(f) on January 12, 2024.

**3.     Summary of claims.**

Plaintiff alleges, pursuant to 42 U.S.C. § 1983, that Defendants Jonathan Laureano and Darren Pilato committed various constitutional violations that resulted in Plaintiff's years-long prosecution and wrongful conviction for a crime he did not commit. Plaintiff additionally alleges that his conviction resulted from the Monroe County District Attorney's Office's decades long de facto policy of ignoring or suppressing exculpatory and impeachment evidence and refusing to discipline prosecutors found to have engaged in egregious misconduct. Finally, Plaintiff contends that Defendant City of Rochester is vicariously liable for the unconstitutional actions of Defendant Laureano. Plaintiff seeks compensatory and punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1988.

The Defendants, City of Rochester and Officer Laureano, deny the Plaintiff's allegations, particularly that his constitutional rights were violated and that he did not commit the crime for which he was prosecuted and convicted.

The Monroe County Defendants deny that policies of the Monroe County District Attorney or the actions of Defendant Pilato caused any violations of the Plaintiff's rights and allege that Defendant Pilato's actions are protected by absolute prosecutorial immunity.

2

#### 4. Summary of discovery exchanged.

In the related case of *Owens v. County of Monroe*, 21-cv-06445 (FPG) (MWP), substantial discovery has been completed and discovery remains ongoing regarding analogous *Monell* claims against Defendant County of Monroe. Given the related nature of the *Monell* claims, and to avoid unnecessary reduplication of efforts, Plaintiff would be amenable to stipulating for the use in this case of documents, depositions, and other *Monell*-related discovery from *Owens*.

Additionally, in the *Owens* case, Defendant County of Monroe has identified, but not produced, various case files from convictions that were either overturned because the trial prosecutor was found to have engaged in misconduct, or where the prosecutor was admonished for committing ethical violations (but the conviction was not overturned). Some of these case files contain confidential information or are sealed under New York law, and Plaintiff intends to seek an unsealing order regarding these items. However, to date, the County has not agreed to allow counsel for Plaintiff access to any of the responsive files for scanning and digitization. Given that both of Plaintiff's counsel maintain primary offices in New York City, counsel respectfully submit that these files should be made available for digitization.

The County's Position regarding the various DA's case files is that pending *Monell* document disclosures may render review of these files unnecessary, irrelevant, or moot. However, if further review is necessary, the County will agree to scanning and digitization of the files by a third-party document production company at Plaintiff's expense. The County will also agree to allow, and has allowed, Plaintiff's Attorneys or their staff, including the Rochester firm Easton Thompson Kaspereck and Shiffrin, of which Don Thompson is co-counsel to Mr. Shields in the *Owens* case, to access the files at the County's offices, and either to flag documents for scanning

by the County, or to use their own portable document scanner, provided that copies of all such scans are shared with the Defendants. The County will not agree to allow Plaintiff's attorneys to remove the files from the County offices for scanning at Plaintiffs' Attorneys' offices. The County will oppose any motion to unseal any files or produce any confidential documents unless the individual the documents were sealed for, whether that be an exonerated former defendant or a victim, consents to the disclosure.

5. **ESI discussions.**

The parties respectfully suggest that a proposed ESI plan, if any, be submitted to the Court on or before April 26, 2024.

6. **Protective orders.**

The parties respectfully suggest that a proposed protective order be submitted to the Court on or before March 8, 2024.

7. **Magistrate Judge jurisdiction.**

The parties do not consent to the jurisdiction of a magistrate pursuant to 28 U.S.C. § 636(c).

*Phase 1 Discovery*

8. **Initial disclosures.**

The parties propose that initial disclosures shall be completed on or before March 8, 2024.

9. **Mediation.**

The parties do not expect that settlement prospects can realistically be evaluated until after the depositions of Plaintiff and the individually named Defendants.

### 10. Limitations on discovery.

None.

*Phase 2 Discovery*

### 11. Motions to amend or join parties.

The parties propose that motions to amend or join parties shall be filed on or before July 29, 2024.

### 12. Close of fact discovery.

The parties propose that fact discovery shall be completed on or before November 8, 2024.

### 13. Experts.

The parties propose the following schedule for expert disclosures:

- Plaintiff shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by December 13, 2024;

- Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by January 17, 2025; and

- All parties shall complete all discovery relating to experts, including depositions, by February 19, 2025.

### 14. Dispositive motions.

The parties propose that dispositive motions shall be filed on or before April 4, 2025.

### 15. Trial.

The parties each demanded a trial by jury in their pleadings and estimate that a trial in this matter would not last more than two weeks.

Dated: January 16, 2024

Kopke Christiana & Rastetter LLP

By: /s/Clyde Rastetter
Clyde Rastetter
199 Cook Street, Suite 308
Brooklyn, NY 11206
t/f: (917) 451-9525
e: clyde@kcrllp.com

City of Rochester Law Department

By: /s/Christopher Noone
Christopher S. Noone
30 Church Street, Room 400A
Rochester, NY 14614
t: (585) 428-6753
e: Chris.Noone@CityofRochester.gov

*Attorneys for Defendants City of Rochester and Jonathan Laureano*

Roth & Roth, LLP

By: /s/Elliot Shields
Elliot Shields
192 Lexington Ave., Suite 802
New York, NY 10016
t: (212) 425-1020
f: (212) 503-3248
e: eshields@rothandrothlaw.com

*Attorneys for Plaintiff*

County of Monroe, Department of Law

By: /s/ Adam Clark
Adam M. Clark
307 County Office Building
39 West Main Street
Rochester, NY 14614
t: (585) 753-1374
e: adamclark@monroecounty.gov

*Attorneys for Defendants County of Monroe and Darren Pilato*