UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DARIUS HOWARD,

                        Plaintiff,

      -against-

CITY OF ROCHESTER,
JONATHAN LAUREANO,
COUNTY OF MONROE, and
DARREN PILATO,

                        Defendants.

Case No.: 23-cv-6561 (FPG) (MJP)

---

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR AN UNSEALING ORDER**

---

ELLIOT SHIELDS
ROTH & ROTH, LLP
192 Lexington Ave., Suite 802
New York, NY 10016
t: (212) 425-1020
e: eshields@rothandrothlaw.com

CLYDE RASTETTER
KOPKE CHRISTIANA & RASTETTER LLP
199 Cook Street, Suite 308
Brooklyn, NY 11206
t: (917) 451-9525
e: clyde@kcrllp.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

THE COURT SHOULD UNSEAL THE COMPLETE CONTENTS OF THE FILE RELATED TO PLAINTIFF'S UNDERLYING CRIMINAL PROSECUTION ............................................... 1

    A.    Legal standard. ................................................................................................................ 1

    B.    Unsealing is warranted in this case. ................................................................................ 2

    C.    The Court has authority to unseal state criminal records. .............................................. 3

CONCLUSION ............................................................................................................................... 4

# TABLE OF AUTHORITIES

## CASES

*Crosby v. City of New York*, 269 F.R.D. 267 (S.D.N.Y. 2010) .......... 3

*Gebbie v. Gertz Div. of Allied Stores of New York, Inc.*, 462 N.Y.S.2d 482 (N.Y. App. Div. 1983) 2

*Green v. Montgomery*, 219 F.3d 52 (2d Cir. 2000) .......... 2

*Green v. Montgomery*, 746 N.E.2d 1036 (N.Y. 2001) .......... 2

*K.A. v. City of New York*, No. 16-cv-04936-LTS-KNF, 2022 WL 1063125 (S.D.N.Y. Apr. 8, 2022) .......... 3

*Kanciper v. Lato*, No. CV 13-0871 (ADS) (SIL), 2014 WL 12847275 (E.D.N.Y. Sept. 2, 2014) . 2

*MacNamara v. City of New York*, No. 04 Civ. 9612 (KMK) (JCF), 2006 WL 3298911 (S.D.N.Y. Nov. 13, 2006) .......... 1

*Matter of Hynes v. Karassik*, 47 N.Y.2d 659 (1979) .......... 1

*Murphy v. City of Elmira*, No. 18-CV-6572-FPG, 2023 WL 7524425 (W.D.N.Y. Nov. 14, 2023) 3

*People v. Darius Howard*, Ind. No. 2016-154 (Sup Ct, Monroe County) .......... 1, 3, 4

## STATUTES

N.Y. Crim. Proc. Law § 160.50 .......... 2, 3

N.Y. Crim. Proc. Law § 160.50(1) .......... 1, 2

N.Y. Crim. Proc. Law § 160.50(1)(d) .......... 2, 3

## INTRODUCTION

Plaintiff Darius Howard ("Plaintiff" or "Mr. Howard") respectfully submits this Memorandum of Law in support of Plaintiff's motion for an order unsealing the complete contents of the file related to his prosecution in *People v. Darius Howard*, Ind. No. 2016-154 (Sup Ct, Monroe County). Plaintiff seeks this unsealing solely for use of the files in the instant and related actions, pursuant to the protective orders in place.

This federal civil rights lawsuit arises from the same incident that led to Mr. Howard's criminal prosecution. Plaintiff alleges that he was maliciously prosecuted and unlawfully denied his due process right to a fair trial during these criminal proceedings, resulting in his years-long wrongful conviction. Consequently, the records related to his criminal case are highly relevant to the causes of action at issue here.

Given that Plaintiff and all parties consent to the unsealing of these records, and that the unsealing will be limited to use in this action and subject to a confidentiality order, the Court should grant Plaintiff's application.

## ARGUMENT

### THE COURT SHOULD UNSEAL THE COMPLETE CONTENTS OF THE FILE RELATED TO PLAINTIFF'S UNDERLYING CRIMINAL PROSECUTION

**A. Legal standard.**

New York Criminal Procedure Law Section 160.50(1) provides that when a criminal action terminates in favor of the accused, the record of the action is sealed. This provision ensures "that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation." *MacNamara v. City of New York*, No. 04 Civ. 9612 (KMK) (JCF), 2006 WL 3298911, at *1 (S.D.N.Y. Nov. 13, 2006) (quoting *Matter of Hynes v. Karassik*, 47 N.Y.2d 659, 662 (1979)).

1

However, this sealing is not permanent. A "party otherwise protected by a [Section] 160.50 sealing of records can waive that protection by commencing a civil action and placing protected information into issue." *Green v. Montgomery*, 219 F.3d 52, 57 (2d Cir. 2000); *see also Green v. Montgomery*, 746 N.E.2d 1036, 1041–42 (N.Y. 2001) (noting that a plaintiff *only* waives protections for *at-issue* arrests by affirmatively placing the underlying conduct at issue). Additionally, a party can explicitly waive the sealing protections of Section 160.50 by authorizing the sealed records to be made available to "such person's designated agent." N.Y. CRIM. PROC. LAW § 160.50(1)(d); *see Kanciper v. Lato*, No. CV 13-0871 (ADS) (SIL), 2014 WL 12847275, at *2 (E.D.N.Y. Sept. 2, 2014) ("Other courts in this Circuit regularly direct a plaintiff to execute a release providing for the unsealing of files protected by CPL § 160.50."); *Gebbie v. Gertz Div. of Allied Stores of New York, Inc.*, 462 N.Y.S.2d 482, 486–88 (N.Y. App. Div. 1983) (granting motion to require plaintiff in false arrest action to execute authorization for unsealing of criminal court records).

### B. Unsealing is warranted in this case.

In the underlying criminal case at issue here, Plaintiff's conviction for aggravated unlicensed operation of a vehicle was vacated and the indictment against him was dismissed, meaning the matter terminated in his favor. *See* Compl. ECF No. 1 ¶¶ 102–03. As a result, the records of this action were sealed pursuant to Section 160.50(1).

Plaintiff has now commenced this federal civil rights action, which arises directly from the same incident that led to his criminal prosecution. By doing so, Plaintiff has placed the sealed information at issue, effectively waiving the protections of Section 160.50 with respect to the specific arrest underlying this case. Moreover, Plaintiff has taken the additional step of explicitly authorizing the release of these sealed records.

In support of this motion, Plaintiff has attached duly notarized releases pursuant to Section 160.50(1)(d) signed by Mr. Howard. These releases explicitly authorize the disclosure of all sealed records related to his arrest and prosecution in *People v. Darius Howard*, Ind. No. 2016-154 (Sup Ct, Monroe County) to his attorneys, counsel for Defendant County of Monroe ("the County"), and counsel for Defendant City of Rochester ("the City"). *See* Decl. of Clyde Rastetter in Supp. of Mot. for an Unsealing Order ("Rastetter Decl."), Ex. 1.

The Defendants likewise consent to the disclosure of the complete contents of Plaintiff's criminal file but assert that they cannot actually release the file without a court unsealing order. *See* N.Y. Crim. Proc. Law § 160.50. This further supports the appropriateness of unsealing in this case.

    **C. The Court has authority to unseal state criminal records.**

District courts possess the authority to unseal state criminal records when they are relevant to a federal lawsuit and the district attorney is a party to the proceeding. *See, e.g.*, *Murphy v. City of Elmira*, No. 18-CV-6572-FPG, 2023 WL 7524425, at *2 (W.D.N.Y. Nov. 14, 2023) ("[D]istrict courts have concluded that they have the authority to order records unsealed where . . . the district attorney is a party to the proceeding."); *K.A. v. City of New York*, No. 16-cv-04936-LTS-KNF, 2022 WL 1063125, at *2 (S.D.N.Y. Apr. 8, 2022) (collecting cases discussing a district court's authority to unseal state criminal records under § 160.50 in the context of discovery); *Crosby v. City of New York*, 269 F.R.D. 267, 275 (S.D.N.Y. 2010) ("Federal courts commonly order production of documents sealed pursuant to Sections 160.50 or 160.55.").

Here, Plaintiff has requested production of his sealed criminal records in discovery from, among others, the Monroe County District Attorney's Office (via the County), who has indicated that they cannot release these records without an unsealing order. Plaintiff has also explicitly

3

authorized the release of these records in notarized releases. Given these circumstances, unsealing is not only warranted but necessary for the fair adjudication of this case.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully request that the Court grant Plaintiff's motion to unseal the complete contents of the file related to the prosecution of Plaintiff in *People v. Darius Howard*, Ind. No. 2016-154.

Dated: Brooklyn, New York
September 30, 2024

                    Respectfully submitted,
                    KOPKE CHRISTIANA & RASTETTER LLP

           By:  /s/Clyde Rastetter
                Clyde Rastetter
                199 Cook Street, Suite 308
                Brooklyn, NY 11206
                t: (917) 451-9525
                e: clyde@kcrllp.com

                ROTH & ROTH, LLP

           By:  /s/Elliot Shields
                Elliot Shields
                192 Lexington Ave., Suite 802
                New York, NY 10016
                t: (212) 425-1020
                e: eshields@rothandrothlaw.com

                *Attorneys for Plaintiff*