

# Department of Law
### Monroe County, New York

**Adam J. Bello**
*County Executive*

**John P. Bringewatt**
*County Attorney*

Friday, October 11, 2024

*By ECF*
Hon. Mark W. Pedersen
United States Magistrate Judge
2120 U.S. Courthouse
100 State Street
Rochester, New York 14614

Re:   *Howard v. City of Rochester, et al.,* Case No. 23-cv-6561

Dear Judge Pedersen:

I write on behalf of my clients in the Monroe County District Attorney's Office. The District Attorney's position, respectfully, is that it cannot turn over the file requested by the Plaintiff at this time without an unsealing order from a Court of competent jurisdiction. The District Attorney is the custodian of the file in question and bears the ultimate responsibility to ensure that records remain properly sealed until they are properly unsealed. As pointed out by Mr. Shields yesterday, the District Attorney is also not a party to this case.

Defendants respectfully object to the Court's invitation to convert Plaintiff's motion for an unsealing order into a motion to compel with an order for attorney fees because the custodian of the records in question here is not a party to this case, and more importantly because Defendants' Counsel have made every possible effort to resolve this dispute amicably and with minimal Court intervention, in the face of Plaintiff's Counsel's constantly shifting demands...

The authorization provided by Plaintiff (see ECF No. 28-3) requests unsealing of "any and all records in their possession relating to [Plaintiff's] arrest on September 21, 2015, and subsequent prosecution thereof under Indictment No. 2016-154." The New York Court of Appeals has made clear that without an unsealing order, a former criminal defendant whose records are sealed pursuant to CPL § 160.50 is allowed access only to "*official* records and papers" in the District Attorney's file, and that such records and papers *do not constitute everything in the file*:

> In demanding free and unlimited access to the entirety of the District Attorney's files, petitioner equates every item in those files with the "official records and papers" referred to in CPL 160.50 (1) (c). Thus, in seeking to cast his claim for relief here as a clear legal

1

> right, petitioner argues that CPL 160.50 (1) (d) imposes a bright line rule requiring the disclosure of everything contained in a prosecutor's files. Such a conclusion is contradicted by the plain language of the statute which limits the accused's access to all *official* records and papers, rather than permitting free access to any and all records and papers, without limitation.

*Harper v. Angiolillo*, 89 N.Y.2d 761, 765, 680 N.E.2d 602 (1997) (emphasis in original). The Plaintiff's current discovery demands and motion for an unsealing order are not limited to only the "official records and papers" in the District Attorney's file. If the Plaintiff submits a request for only the "official records and papers", the District Attorney's Office will review the file and provide only those documents.

In a decision last year, which cites *Harper,* Judge Geraci made clear that the District Court will not order the unsealing of records sealed pursuant to CPL § 160.50 unless the party seeking unsealing has first obtained an unsealing order from the relevant State Court, and/or sought to subpoena the records from the non-party District Attorney's Office:

> By bringing this civil action, Plaintiff has waived the privilege of keeping the state-court records sealed. *See Green*, 219 F.3d at 57; *Wright*, 175 A.D.2d at 452. However, at this stage of the proceedings, this Court is without authority to order the state-court records unsealed. *See Thomas*, 2016 WL 5334439, at *2; *Townes*, 1996 WL 164961, at *10. First, there is no indication that Defendants have sought access to the records by application to City Court. *See Thomas*, 2016 WL 5334439, at *2. Second, the relevant prosecuting authority, whether the Chemung County District Attorney or the City of Elmira, is not a party to this action. ECF Nos. 10, 16 (dismissing with prejudice claims against City of Elmira and ordering Clerk of Court to terminate City of Elmira as Defendant); *see Lehman*, 206 F.R.D. at 347. Third, Defendants do not appear to have sought access to the sealed records by subpoena to either the Chemung County District Attorney or the City of Elmira. *See K.A.*, 2022 WL 1063125, at *2; *Cruz*, 1997 WL 839483, at *2. Therefore, although Plaintiff has waived his privilege with respect to the state-court records and the records Defendants seek may be relevant to their defense, this Court is without authority to order the state-court documents unsealed. *See Thomas*, 2016 WL 5334439, at *2; *Townes*, 1996 WL 164961, at *10. Defendants' motion to unseal is therefore denied.

*Murphy v. City of Elmira*, No. 18-CV-6572-FPG, 2023 WL 7524425, at *2 (W.D.N.Y. Nov. 14, 2023). This case law confirms that the Court does not have authority to unseal those files at this time.

Moreover, in addition to the reasons stated above, conversion of the Plaintiff's motion to a motion to compel discovery would be improper and could not achieve the unsealing of the documents in question. The documents sought are in the custody and control of the District Attorney and will remain so unless and until they are unsealed, and the District Attorney is not a party to this case that can be compelled to disclose. This reality remains even if, as Plaintiff alleges in his other motion, the files are physically in the offices of the County Attorney's Office, because any such records are held by the County Attorney only as attorney for the District Attorney, and they remain sealed until they are unsealed by an order from a court of competent jurisdiction.

Finally, the correspondence submitted by the Plaintiff with his other motion (ECF 29-1) demonstrates, this dispute started when Defendant's Counsel responded to Plaintiff's proposed motion to unseal records by stating:

> The discovery requests are for the DA's entire files on the Plaintiff. We have other files other than for this particular arrest, some of which are also sealed. The motion should be to unseal his entire file, so that we can produce everything.

*Id.* at 8. This position absolutely should not have led to this dispute, because Defendants' Counsel have continuously made every possible effort to work together amicably with Plaiuntiff's counsel to secure the proper unsealing of the files so that they could be disclosed. Plaintiff meanwhile has drastically shifted his demand to the point where the current motions are not reasonably related at all to Plaintiff's discovery demands. Plaintiff's 160.50 authorization requests the release of his entire file, and not just the limited file he is seeking in his motion:

> I further authorize the Rochester Police Department; Monroe County District Attorney's Office; New York State Supreme Court, Monroe County, Criminal Term; and Rochester City Criminal Court to disclose any and all other records relating to myself in their possession to Kopke Christiana & Rastetter LLP or any authorized agent or employee thereof.
>
> I understand that until now the aforesaid records may have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (l) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

ECF 28-2 at 2. Plaintiff's motion for an unsealing order of his file related to this case only is supported by an authorization allowing the unsealing of his entire file. In addition Plaintiff made a discovery demand for:

> All documents maintained by the Monroe County District Attorney's Office ("MCDAO") concerning Plaintiff, including without date limitation, all records regarding all arrests and prosecutions of Plaintiff in the possession of the MCDAO.

And Plaintiff's attorneys stipulated that:

> All orders to seal charges relating to any criminal charges against the Plaintiff by the Monroe County District Attorneys [*sic*] Office (MCDA), whether issued by a Court or created by operation of law, are vacated.

ECF 24 at ¶ 1.

The County Attorney, on behalf of the District Attorney, therefore respectfully submits that this Court lacks the authority to unseal the records sought by the Plaintiff under the facts and circumstances currently before the Court, and that this Court should not convert Plaintiff's motion for an unsealing order into a motion to compel, or grant any such motion to compel.

Plaintiff's motion should be denied, and the matter should be sent back to the parties to work together to find a way to unseal the documents in question properly and produce them pursuant to appropriate authority, especially in light of the fact that no party objects to the unsealing or production of the material in question, as long as it is done properly in compliance with CPL § 160.50,

Thank you for your time and attention in this matter,

    Respectfully,

    /s/ *Adam M. Clark*

    Adam M. Clark
    Deputy County Attorney
    Tel. (585) 753-1374
    adamclark@monroecounty.gov

cc: All counsel of record, *by ECF*