**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DARIUS HOWARD,**

                                                    *Plaintiff,*

            **v.**

**CITY OF ROCHESTER,**
**JONATHAN LAUREANO,**
**COUNTY OF MONROE, and**
**DARREN PILATO**

                                        *Defendants.*

---

**Declaration of Adam M.**
**Clark, Esq.**

Case No.: 23-cv-06561 [FPG]

---

        Adam M. Clark, a duly licensed attorney, declares and affirms as true and correct under penalty

of perjury pursuant to 28 USC §1746 as follows:

        1.        I am a duly licensed attorney and appear in an "of counsel" capacity to the Monroe

County Attorney who is the attorney of record for Defendants County of Monroe and Darren Pilato

("County Defendants").

        2.        This Declaration is submitted in response to Plaintiff's "first motion for hearing *re*

*County's apparent violation of CPL 160.50,* first motion for sanctions by Darius Howard", ECF

No. 29.

        3.        All Monroe County District Attorney's files pertaining to Plaintiff Darius Howard

which are sealed pursuant to New York Criminal Procedure Law § 160.50 are still sealed by

operation of that law.

        4.        Said files have not been accessed, opened, read, reviewed, copied or otherwise

unsealed in any way.

5.      I confirmed that the files had not been accessed by anyone and remained sealed to Plaintiff's Attorneys by email on September 30, 2024. *See* ECF 29-1 at 1.

6.      Plaintiff served discovery demands on the County Defendants on May 1, 2024 which included a demand for the following:

> 3.      All documents maintained by the Monroe County District Attorney's Office ("MCDAO") concerning Plaintiff, including without date limitation, all records regarding all arrests and prosecutions of Plaintiff in the possession of the MCDAO.

*See* **County Exhibit 1.**

7.      This demand can only reasonably be read as a request for all files of the Defendants' entire history of interactions with the Monroe County District Attorney's Office, and not as Plaintiff's Attorneys claim in their motion  only "the particular arrest at issue in this case."

8.      In preparation for disclosure of the demanded items, I obtained all of the Plaintiff's files from my clients in the Monroe County District Attorney's Office.

9.      To the best of my knowledge, information and belief, based on numerous communications with my clients in the Monroe County District Attorney's Office, who are knowledgeable and experienced with the requirements of CPL § 160.50, it is allowable for the attorneys for the District Attorney's Office to have ***access to*** sealed files, in preparation for disclosure, as long as the seal is respected and maintained, and no sealed files are ***accessed***, opened, read, reviewed, copied, or disclosed in any way until they have been lawfully unsealed.

10.      This is true because the files are sealed by operation of law, and not by their physical location.

11.      On August 14, 2024 the parties jointly filed a stipulation, signed by the attorneys for all parties, to unseal Plaintiff's sealed records with a request to this Court to so order the stipulation. *See* ECF No. 24.

12.    This stipulation clearly called for and agreed to the unsealing of **any criminal charges** against the Plaintiff by the Monroe County District Attorney's Office, and not only "just the particular arrest at issue in this case." The stipulation clearly agreed that:

> All orders to seal charges relating to **any criminal charges against the Plaintiff** by the Monroe County District Attorneys Office (MCDA), whether issued by a Court or created by operation of law, are vacated.

*See* ECF No. 24 (emphasis added).

13.    Plaintiff submitted an authorization, signed March 14, 2024, that authorized the disclosure of the related to the particular arrest at issue in this case **and** "any and all other records relating to myself" in the possession of Monroe County District Attorney's Office and Monroe County:

> I further authorize the Rochester Police Department; Monroe County District Attorney's Office; New York State Supreme Court, Monroe County, Criminal Term; and Rochester City Criminal Court to disclose any and all other records relating to myself in their possession to Kopke Christiana & Rastetter LLP or any authorized agent or employee thereof.
>
> I understand that until now the aforesaid records may have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (l) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

*See* ECF No. 28-2. This again clearly calls for the unsealing and release of all District Attorney's records regarding the Plaintiff, and not simply the particular arrest related to this case.

14.    On August 27, 2024, Court Clerk Harrison Hartsough requested more information about the Court's authority to sign the proposed stipulation and order by email:

> As for the unsealing order, the Judge would appreciate an explanation of what authority he has to vacate a state court order to seal. (ECF No. 24 ¶ 1.) Generally, also, he is unsure how he has the authority to issue the proposed stipulation and order. Perhaps there is something under CPL § 160.50, but I have not had a chance to look at that statute yet. Further explanation on those points would be helpful.

15.    I responded to this email by telling Plaintiff's Attorneys that, while I had seen stipulated unsealing orders from the Federal Court used in the past, my own research showed that recent W.D.N.Y. precedent seemed to show courts deciding they did not have that authority. *See* **County Exhibit 2**, email and sample unsealing orders.

16.    I mistakenly offered to move forward with a stipulation only, where I now know that current District Attorney's Office policy and practice is that files sealed pursuant to CPL § 160.50 should be unsealed by Court order. Although I was mistaken in this regard, I was, and remain, willing to work together with Plaintiff's Attorneys' to secure the proper unsealing of whatever documents Plaintiff seeks to have unsealed.

17.    In response to my email, Plaintiff's Attorneys said that:

> But in short, we have good caselaw that Judge Pedersen has the authority in the first instance to issue an unsealing order. We'll put together a proposed response to the Court and send to you for your review tomorrow.

*See* **County Exhibit 2.**

18.    Plaintiff's Attorneys then submitted their argument to the Court, and the Court responded by entering a text order instructing the parties to bring a motion for unsealing of the documents, "because of issues of comity between this Court and the New York State Court system" and instructing:

> To ensure that it is apparent on the docket what the Court is doing and why, and to ensure that the unsealing of documents is warranted in this case, the Court directs the parties to file a joint motion by no later than September 30, 2024, for the relief their proposed order seeks.

*See* ECF No. 26.

4

19.    When this dispute first started on September 30, part of the reason that I did not want to turn the documents over to the Plaintiff's Attorneys as demanded was that this Court had instructed the parties to file a motion, and I thought we should discuss the issue with the Court before doing something different from what was instructed. As can be seen from the emails submitted by the Plaintiff, Plaintiff's Attorneys refused to contact the Court; rather they continued to demand the release of the documents, and did not contact the Court about the dispute at all, until they filed two motions, at 7:59 pm and 8:05 pm on September 30.

20.    I also could not release the documents as demanded, because they remain sealed pursuant to CPL § 160.50.

21.    As shown here Plaintiff and Plaintiff's Attorneys clearly agreed to and demanded production of all Monroe County District Attorney files related to the Plaintiff, and not just files related to the arrest in this case.

22.    However, if as it now seems, Plaintiff or his attorneys have changed their minds and only wish to unseal the file for "just the particular arrest at issue in this case," this should not be a problem, because the files have remained sealed, and have not been accessed or read or reviewed or copied by anyone, and so Defendants' Attorneys still do not know what is in those files, and no harm to Plaintiff's rights has occurred.

23.    I have told Plaintiffs' Attorneys and the Court that I will work together with Plaintiff's Attorneys to procure the unsealing of just the particular documents demanded by the Plaintiff, whatever that may turn out to be.

24.    Defendants respectfully submit that the best way to resolve the current issue is for this Court to deny Plaintiff's motions, and for the parties to work together in good faith to secure an unsealing order of whatever documents Plaintiff authorizes to be unsealed from a New York

State Court of competent jurisdiction, and that any other files that are sealed remain sealed and not

disclosed, unless and until they are unsealed by Court order.

**JOHN P. BRINGEWATT, MONROE COUNTY ATTORNEY**
*Attorney for the Defendants*

*s/ Adam M Clark*

October 14, 2024

**Adam M. Clark, Esq. of Counsel**
Deputy County Attorney
307 County Office Building
39 West Main Street, Rochester, New York 14614
Telephone:  585.753.1374
**adamclark@monroecounty.gov**

6

# County Exhibit 1

# County Exhibit 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARIUS HOWARD,

                              Plaintiff,

            -against-

CITY OF ROCHESTER,
JONATHAN LAUREANO,
COUNTY OF MONROE, and
DARREN PILATO,

                              Defendants.

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE COUNTY DEFENDANTS**

Case No.: 23-cv-6561 (FPG) (MJP)

 

**PLEASE TAKE NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Darius Howard ("Plaintiff") hereby requests that Defendants County of Monroe and Darren Pilato (collectively "the County Defendants") respond to the following Requests by producing clear, legible copies of the requested documents, materials, and information.

Defendants must respond within **thirty (30) days** of service of these Requests. All documents and materials should be produced via electronic disclosure, **in their native format**, unless the nature of the documents and materials does not permit as much, in which case Defendants should confer with Plaintiff's counsel as to the best form of disclosure.

## DEFINITIONS

Plaintiff hereby incorporates the Uniform Definitions in Discovery Requests, which is in use in multiple federal jurisdictions and provides as follows:

1

**(a)** These definitions are not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

**(b)** The following definitions apply to all discovery requests:

(1) <u>Communication</u>. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) <u>Document</u>. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

(3) <u>Identify</u> (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) <u>Identify</u> (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the

2

document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(5) <u>Parties</u>. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) <u>Person</u>. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

(7) <u>Concerning</u>. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

**(c)** The following rules of construction apply to all discovery requests:

(1) <u>All/Any/Each</u>. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(2) <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      In responding to these Requests, you should furnish all documents, materials, and information that is available to you, including that which is in the possession, custody, or control of your attorneys, employer, employees, investigators, experts, or representatives.

2.      If, after exercising due diligence to obtain the documents, materials, and information necessary to respond to these Requests, you are unable to fulfill a particular Request, you should respond to the extent possible and explain your inability to fully respond.

3.      If any document or material responsive to these Requests has been lost, destroyed, or is otherwise unavailable, you should identify the document as described in section (b), *supra*, and further state and/or describe:

(i)      The name of the last known custodian;

(ii)     The incident, event, or occurrence during which the document or material was lost, destroyed, or otherwise became unavailable;

(iii)    The name of each person with knowledge or information regarding the circumstances of the loss or destruction; and

(iv)     The efforts you made to locate the document or material.

4.      If a claim of privilege is asserted with respect to any document, material, or information, or you refuse to fully respond to a particular Request on any other basis, you must

state the basis for your refusal with such specificity that the Court may determine the legal sufficiency of your claim, objection, or position.

5.     For all responsive documents, materials, and information withheld, you should state in writing:

(i)     Whether the document contains a request for legal advice and, if so, you should identify the person who requested the legal advice;

(ii)    Whether the document contains advice as to the meaning or application of particular laws or rules in response to the request for advice;

(iii)   Any further information to explain and support the claim or objection; and

(iv)    If privilege or objection is being asserted in connection with a claim or defense governed by state law, you should identify the state rule being invoked.

6.     If, in responding to these Requests, you claim any ambiguity in interpreting either a Request or a definition or instruction applicable thereto, such a claim shall not be utilized as a basis for refusing to respond; rather, you shall set forth in a part of your response the language deemed to be ambiguous, and the interpretation chosen or used in responding to the Request.

7.     These Requests seek the production of all documents described, in their entirety, along with any attachments, drafts, and non-identical copies.

8.      Questions regarding the interpretation of these Requests should be resolved in favor of the broadest possible construction.

9.      The documents, materials, and information produced in response to these Requests shall be:

(i)     Organized and designated to correspond to the categories set forth in the Requests; or

(ii)    Produced in a form that accurately reflects how they are maintained by you in the normal course of business, including, but not limited to, the following:

a.      That all associated file labels, file headings and file folders be produced with the responsive documents from each file and that each file be identified by its owner(s) or custodian(s);

b.      That all pages now stapled or fastened together or saved as individual documents be produced in a format that allows the parties to easily determine that they were previously stapled or fastened together by, for example, providing a field that shows when one document stops and another starts.

10.     These Requests are deemed to be ongoing and you are requested to provide, by means of supplemental responses, any additional information that will augment, clarify, or otherwise modify the responses previously given. Supplemental responses are to be served upon

counsel for Plaintiff within thirty (30) days after receipt of the responsive documents, materials, or information.

## REQUESTS FOR PRODUCTION

1.      Any and all documents and materials identified by the County Defendants in their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

2.      Any and all statements and communications (written, audiotaped, videotaped, digitized, or otherwise) purportedly made by or taken of the Plaintiff concerning the subject matter at issue in this lawsuit, or that the County Defendants may use to support their claims or defenses.

3.      All documents maintained by the Monroe County District Attorney's Office ("MCDAO") concerning Plaintiff, including without date limitation, all records regarding all arrests and prosecutions of Plaintiff in the possession of the MCDAO.

4.      All files in MCDAO's possession concerning Plaintiff's arrest and prosecution under Indictment No. 2016-154, the subsequent appeal to the Fourth Department, and the 440.10 motion in the trial court, including, but not limited to: hearing and/or trial transcripts and exhibits; *Rosario* and *Brady* material; records of disclosure, including Voluntary Disclosure Form; charging instruments; notes (handwritten or otherwise); "rough notes" or memo book entries; Grand Jury Referral form, RPD 1186; reports; e-mails; correspondence; faxes; press releases; teletypes; text messages; memoranda; intake bureau reports; material witness applications, warrants, orders, and/or hearing transcripts; witness statements; witness relocation or protection records; records of any payments made to any witness or on any witness' behalf for housing, meals, travel, or otherwise; orders to produce; police reports; wanted posters;

oral or video recordings; 911 tapes; Sprint Reports; photographs; drawings; physical evidence of any kind; requests for lab examinations; forensic reports; subpoenas; receipts; returns on subpoenas; calendar entries and logs; investigator logs, files, and records; documents concerning the investigation of any other suspects; documents related to any post-trial investigation; and all other materials related to any investigation of the events at issue in this lawsuit or Plaintiff's arrest and prosecution.

5.      All notes, documents, materials, and communications concerning any investigation of the events at issue in this lawsuit by any investigator employed or retained by the MCDAO.

6.      All documents and materials related to this lawsuit or Plaintiff obtained by the County Defendants via subpoena or through use of releases provided by Plaintiff during the pendency of this action.

7.      Copies of records documenting any and all items seized as evidence in connection with the events referenced in Plaintiff's Complaint, including Plaintiff's cell phone.

8.      All information and material regarding any tangible item, document or other material or sample relating to the matter sued upon (including not limited to Plaintiff's cell phone), which has been destroyed, including all information and material relating to the destruction process itself.

9.      Copies of all written communications (including emails, text messages, handwritten notes, communications made via internal systems, etc.) between Defendants Pilato and Jonathan Laureano related to the subject matter or events at issue in this action.

10.    Copies of all written communications (including emails, text messages, handwritten notes, communications made via internal systems, etc.) between Defendant Pilato and any current or former employees of the MCDAO or Rochester Police Department ("RPD") related to the subject matter or events at issue in this action.

11.    Copies of all written communications between or among any current or former employees of the MCDAO and the RPD related to the retention or destruction of evidence related to Plaintiff's criminal case, including Plaintiff's cell phone.

12.    All documents and materials comprising the personnel file of Defendant Pilato, including but not limited to: hiring records, training records, evaluations, assignments, complaints, records of disciplinary investigation or actions, promotions and demotions, salary records, etc.

13.    All documents and materials comprising the personnel files of any other MCDAO employees assigned to or otherwise involved in Plaintiff's criminal case, including but not limited to: hiring records, training records, evaluations, assignments, complaints, records of disciplinary investigation or actions, promotions and demotions, salary records, etc.

14.    For each of the MCDAO assistant district attorneys identified in response to Interrogatory No. 1 in Plaintiff's First Set of Interrogatories to Defendant County of Monroe, produce all documents and materials comprising their personnel files, including but not limited to: hiring records, training records, evaluations, assignments, complaints, records of disciplinary investigation or actions, promotions and demotions, salary records, etc.

15.    All records of any Ethics Review Panel being convened to review allegations that an assistant district attorney acted unethically from January 1, 1997, to present.

16.     All records of any Ethics Review Panel ordering and/or recommending that an assistant district attorney be provided training to curb or prevent future unethical conduct from January 1, 1997, to present.

17.     For each of the cases identified in paragraphs 119-21, 127, 140, 142-43, and/or 146-47 of the Complaint, produce all records demonstrating whether the conduct of the assistant district attorney(s) handling the case was brought to the attention of the District Attorney and the First Assistant District Attorney.

18.     All records showing that any findings of any Ethics Review Panel were reported to the District Attorney.

19.     The complete file of every Conviction Integrity Unit ("CIU") investigation, from the formation of the CIU to present.

20.     All records from January 1, 1997 to the present regarding any assistant district attorneys terminated for misconduct related to the carrying out of their prosecutorial duties, or which called their character, credibility, or integrity into question.

21.     All records from January 1, 1997 to the present related to assistant district attorneys who were accused of misconduct self-reporting the same to the First Assistant District Attorney and/or the District Attorney.

22.     All training materials, manuals, rules, policies and/or procedures of the MCDAO, used or in effect from January 1, 1997 through the present, regarding:

    a.  The investigation and discipline of assistant district attorneys accused of misconduct in the investigation or prosecution of a criminal case;

    b.   The duty not to create or to otherwise use false, misleading, or

          unreliable evidence, testimony, statements, or arguments in criminal

          proceedings;

    c.   The ethical duty to correct false, inaccurate, incomplete, or misleading

          evidence, testimony, statements, and argument, where such

          misconduct is discovered to have occurred;

    d.   The obligation to refrain from introducing evidence at trial that a

          prosecutor knows will violate the defendant's constitutional rights and

          cause him or her prejudice; and/or

    e.   The obligation to disclose material favorable to the defense as set forth

          in *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 450

          U.S. 150 (1972), and their progeny.

    23.    All records in MCDAO's possession that identify which employees or officials at MCDAO were responsible for training MCDAO employees between January 1, 1997 and the present regarding the legal or constitutional standards relating to the disclosure of evidence favoring a criminal defendant, the truthfulness and accuracy of evidence or argument submitted by prosecutors at criminal trials, the obligation to correct false or misleading evidence or argument, and/or the institution and continuation of criminal proceedings (i.e., malicious prosecution).

    24.    All records in MCDAO's possession that identify which employees or officials at MCDAO were responsible for disciplining MCDAO employees between January 1, 1997 and the present regarding the legal or constitutional standards relating to the disclosure of

11

evidence favoring a criminal defendant, the truthfulness and accuracy of evidence or argument submitted by prosecutors at criminal trials, the obligation to correct false or misleading evidence or argument, and/or the institution and continuation of criminal proceedings (i.e., malicious prosecution).

25.    All written communications between Sandra Doorley and any other supervisor or administrators at the MCDAO related to any of the cases referenced in Plaintiff's Complaint wherein the Appellate Division, Fourth Department commented on the reversible misconduct committed by MCDAO prosecutors.

26.    All written communications between any MCDAO employees and the Attorney Grievance Committee of the Fourth Department related to reports of misconduct related to MCDAO prosecutors.

27.    All MCDAO personnel or disciplinary records which the County Defendants intend to rely upon in connection with any motion for summary judgment or at trial.

28.    All written policy documents, procedures, manuals, guidelines, or any other documents related to the investigation, discipline, or correction of misconduct by MCDAO prosecutors which the County Defendants intend to rely upon in connection with any motion for summary judgment or at trial.

29.    Sandra Doorley's complete personnel and disciplinary file.

30.    All records related to any traffic stop and/or arrest of Sandra Doorley, including but not limited to the April 22, 2024 incident referenced in the following article: https://www.democratandchronicle.com/story/news/2024/04/26/sandra-doorley-speeding-ticket-sends-social-media-into-frenzy-heres-why/73465705007.

31.    All records related to any investigations of Sandra Doorley by the Monroe County Office of Public Integrity, Monroe County Board of Ethics, and/or any other Monroe County entities, including but not limited to all records of any investigations of Sandra Doorley related to the April 22, 2024 incident referenced above.

Dated:  Brooklyn, New York
        May 1, 2024

Respectfully submitted,
KOPKE CHRISTIANA & RASTETTER LLP

By:    /s/Clyde Rastetter
       Clyde Rastetter
       199 Cook Street, Suite 308
       Brooklyn, NY 11206
       t/f: (917) 451-9525
       e: clyde@kcrllp.com


       ROTH & ROTH, LLP

By:    /s/Elliot Shields
       Elliot Shields
       192 Lexington Ave., Suite 802
       New York, NY 10016
       t: (212) 425-1020
       f: (212) 503-3248
       e: eshields@rothandrothlaw.com


       *Attorneys for Plaintiff*

13

To:    Adam M. Clark, Esq.
       County of Monroe, Department of Law
       307 County Office Building, 39 West Main Street
       Rochester, NY 14614
       adamclark@monroecounty.gov

       *Attorneys for the County Defendants*

# County Exhibit 2

# County Exhibit 2

**Clark, Adam M**

| | |
|---|---|
| **From:** | Elliot Shields <eshields@rothandrothlaw.com> |
| **Sent:** | Thursday, August 29, 2024 4:52 PM |
| **To:** | Clark, Adam M; clyde@kcrllp.com; noonec@cityofrochester.gov |
| **Subject:** | Re: Howard/City of Rochester - 23-cv-6561 |

CAUTION: This email originated from outside Monroe County systems. Exercise caution when opening attachments or clicking links, especially from unknown senders.

~~~~~~~~~~~~~~~~~~~

Hi Adam,

I've got filing deadlines in a couple of cases tonight, so we plan to respond to you with a proposal for the Court tomorrow.

But in short, we have good caselaw that Judge Pedersen has the authority in the first instance to issue an unsealing order. We'll put together a proposed response to the Court and send to you for your review tomorrow.

Regarding the other discovery issues, i.e., the Court's reluctance to stay discovery, we'll respond to you tomorrow on that as well.

Thanks,

Elliot Shields (he/him)
Roth & Roth, LLP
192 Lexington Avenue, Suite 802
New York, NY 10016
T - 212-425-1020
F - 212-503-3248
eshields@rothandrothlaw.com

**Note:** In our modern world, work emails might be sent outside normal business hours. This does not require you to respond outside normal business hours.

The information in this transmittal may be legally privileged, confidential, and/or otherwise protected by law from disclosure, and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify Roth & Roth LLP immediately at (212) 425-1020 or by return e-mail and take the steps necessary to delete it completely from your computer system. Thank you.

**From:** Clark, Adam M <AdamClark@monroecounty.gov>
**Date:** Wednesday, August 28, 2024 at 2:01 PM
**To:** Elliot Shields <eshields@rothandrothlaw.com>, clyde@kcrllp.com <clyde@kcrllp.com>, noonec@cityofrochester.gov <noonec@cityofrochester.gov>
**Subject:** RE: Howard/City of Rochester - 23-cv-6561

This message was sent securely using Zix®

Hi guys,

While we have used so ordered unsealing stipulations like this in the past (examples attached), there is some WDNY case law saying the Court only has authority to sign an unsealing order in the case of a motion to compel:

> As Moving Defendants' motion does not seek to compel interrogatory answers pursuant to Fed.R.Civ.P. 33(b) ("Rule 33(b)"), document production pursuant to Fed.R.Civ.P. 34(a) ("Rule 34(a)"), or to enforce a subpoena *duces tecum* pursuant to Fed.R.Civ.P. 45 ("Rule 45"), it is outside the court's authority to grant Moving Defendants' motion.

> Wright v. Orleans Cnty., No. 14-CV-622A(F), 2015 WL 13660345, at *1–2 (W.D.N.Y. Feb. 5, 2015)

Since we are all in agreement about this unsealing and it would be wasteful to go through motions for that, it would be fine with County Defendants if we proceeded with just the stipulation, rather than a stipulation and order, so if you agree, I have attached that here.

As for the other discovery issues, as Harrison notes that a stipulation would not be judicially enforceable, I don't think we need to file a stipulation on that, but let me know if you feel differently.

Thanks,

Adam

Adam M. Clark
County of Monroe, Department of Law
307 County Office Building, 39 West Main Street
Rochester, New York 14614
Phone: (585) 753-1374
Fax: (585) 324-4227
AdamClark@monroecounty.gov

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 23 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEUN OGUNKOYA,

                      Plaintiff,

    v.

ALBERT DRAKE III, DARIUSZ ZYSK, PETE
SCHRABE, MARK EIFERT, SUSAN DOORLEY,
MARK MONAGHAN, and JAMES EGAN,

                      Defendants

STIPULATION AND ORDER

Case No.: 15-cv-6119-KAM-LB

Charges against Seun Ogunkoya and criminal trial material related to his prosecution were sealed under New York State Criminal Procedure Law §160.50. Plaintiff Seun Ogunkoya commenced this civil action pertaining to those sealed charges and the parties consent to unsealing of those charges, it is:

ORDERED,

1.    All orders to seal charges relating to Indictment #: 2015-0437, whether issued by a Court or created by operation of law, are vacated.

2.    All official records and papers related to Indictment #: 2015-0437, in the possession of the following entities and individuals, sealed because of an order of a Court or by operation of law are unsealed under the conditions in paragraph 3 below.

        2.1    Monroe County District Attorney,

        2.2    Monroe County Sheriff,

        2.3    Monroe County Clerk,

        2.4    Monroe County Supreme Court and County Court Clerk,

        2.5    Court Reporters/Stenographers,

        2.6    New York State Police

3.    The materials in the custody and control of the individuals and entities delineated in paragraph 2 above will be provided to Michael E. Davis, County Attorney, and his

deputies including Matthew Brown, Deputy County Attorney, Monroe County Law Department, as well as to the Office of the New York State Attorney General, and they may inspect said files and make copies of such materials.

4.      The Monroe County Law Department and the Office of the New York State Attorney General will make a copy of any files obtained under this Order and provide the same to each other and to pro se Plaintiff, Seun Ogunkoya.

5.      The materials in such file will be used solely to prosecute or defend claims in this matter.

6.      Under New York Criminal Procedure Law §160.50 the records and papers will otherwise remain confidential and are not to be disclosed by the custodians of such files, the parties, and counsel, except in the prosecution or defense of this matter.

**STIPULATED:**


Seun Ogunkoya
*Plaintiff, Pro Se*
1334 Blake Avenue
Brooklyn, New York 11208


Michael E. Davis, Monroe County Attorney
Matthew D. Brown, Deputy County Attorney
*Attorneys for the County Defendants*
307 County Office Building
39 West Main Street
Rochester, New York 14614
(585) 753-1407
matthewbrown@monroecounty.gov


Mary Kim, Esq.
Assistant Attorney General
Office of the Attorney General
*Attorneys for Defendants Investigators Albert Drake, Mark Eifert, and*
*   Dariusz Zysk, and Trooper Peter Schrage*
120 Broadway
New York, New York 10271-0332

/S/ Judge Lois Bloom

So Ordered:

5/23/16

Lois Bloom
U.S. Magistrate Judge

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH SNOWDEN,

                            Plaintiff,

          v.

TOWN OF WEBSTER, et. al,

                            Defendants.
_____

                                  <u>ORDER</u>

                                  19-CV-6814W

        Plaintiff Joseph Snowden has sued the Town of Webster and several individual police officers and investigators employed by the Webster Police Department for claims arising out of Snowden's arrest on December 8, 2017, and subsequent state criminal prosecution, *People v. Joseph Snowden*, CR # 17-027328-Web.  (Docket # 1-1).  On June 23, 2021, Snowden moved to unseal the complete contents of the Monroe County District Attorney's Office's ("MCDAO")[1] file, including the grand jury minutes, relating to the state prosecution.  (Docket # 22).  In support of his motion, Snowden's attorney represented that the MCDAO, which is in possession of the entire file, including the grand jury minutes, does not oppose – and, indeed, consents to – the unsealing of the file.  (Docket # 22-1 at ¶¶ 22-23).  Additionally, Snowden has submitted his declaration in which he consents to the unsealing of the MCDAO's complete file.  (Docket # 22-8 at ¶ 16).

        After filing the motion, counsel for Snowden filed a Stipulation executed by counsel for the MCDAO and himself indicating that the unsealing request was unopposed and that the MCDAO consented to the requested relief, including entry of an unsealing order and the

---

[1] Neither the MCDAO nor its attorneys or employees are parties to this action.

service of a Court-issued subpoena upon it for the records. (Docket # 24). In addition, although this Court issued an order requiring that any opposition to the motion be filed on or before July 9, 2021 (Docket # 23), defendants have not opposed the motion.

Having reviewed the submissions and considered the issues raised therein, and for good cause shown, Snowden's unopposed motion to unseal **(Docket # 22)** is **GRANTED**. The telephonic motion hearing set for July 22, 2021, at 2:00 p.m. is **CANCELLED**. The Court directs that the MCDAO's complete file relating to the prosecution of Snowden, *People v. Joseph Snowden*, CR # 17-027328-Web, including the grand jury minutes, be unsealed for use in this litigation. The Clerk of the Court is directed to issue the subpoena attached as Exhibit F to Snowden's motion (Docket # 22-7).

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
July 12, 2021

2