UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DARIUS HOWARD,** | |
| *Plaintiff,* | RESPONDING MEMORANDUM OF LAW |
| v. | |
| **CITY OF ROCHESTER, JONATHAN LAUREANO, COUNTY OF MONROE, and DARREN PILATO** | Case No.: 23-cv-06561 [FPG] |
| *Defendants.* | |

Defendants Darren Pilato and County of Monroe ("Monroe County Defendants") submit this memo in response to and opposition to Plaintiff's "first motion for hearing *re County's apparent violation of CPL 160.50,* first motion for sanctions by Darius Howard." Plaintiff's motion should be denied because the files in question have remained sealed, and because the Plaintiff waived his rights to have the files remain sealed by bringing this lawsuit, and by authorizing and agreeing to the unsealing of all Monroe County District Attorney files relating to him. In keeping with the Local Rules of Civil Procedure, this motion should not be heard because Plaintiff's Attorneys have not demonstrated a sincere attempt to resolve the dispute, and Defendants object to Plaintiff filing a reply to this response.

### 1. The files in question have remained sealed.

The undersigned Counsel for the County Defendants has affirmed in the Defendants' responding declaration that any files related to the Plaintiff that are sealed have remained sealed

1

and "have not been accessed, opened, read, reviewed, copied or otherwise unsealed in any way." *See* responding declaration.

"[T]he purpose of CPL 160.50 is to protect accused individuals from the unauthorized use of their records." *Green v. Montgomery*, 95 N.Y.2d 693, 701 (2001):

> The sealing requirement was designed to lessen the adverse consequences of unsuccessful criminal prosecutions by limiting access to official records and papers in criminal proceedings which terminate in favor of the accused . . . [s]o that a former accused may pursue employment, education, professional licensing and insurance opportunities untainted by the stigma of a criminal prosecution.

*Harper v. Angiolillo*, 89 N.Y.2d 761, 766 (1997). Here the Plaintiff was not harmed at all because the records in question remained sealed, and continue to remain sealed, and nothing about the sealed records was released in any way that could cause him "adverse consequences." This is especially true given the extensive information about the Plaintiff's arrest that Plaintiff put as allegations in his complaint in this case. Therefore Plaintiff's motion should be denied.

**2. The Plaintiff has waived his rights to privacy in his sealed files by bringing this case.**

The Plaintiff has waived his rights to privacy in his sealed files by bringing this case.

> Where an individual, who has records that would otherwise be kept sealed under Criminal Procedure Law § 160.50, affirmatively places the underlying conduct at issue by bringing a civil suit, the statutory protection afforded by section 160.50 is waived, as the privilege, which is intended to protect the accused, may not be used as "a sword to gain an advantage in a civil action"

*Best v. 2170 5th Ave. Corp.*, 60 A.D.3d 405 (1st Dep't 2009) (citing *Green,* 95 N.Y.2d at 723). *See also Murphy v. City of Elmira*, No. 18-CV-6572-FPG, 2023 WL 7524425, at *2 (W.D.N.Y. Nov. 14, 2023) (Geraci, J.):

> By bringing this civil action, Plaintiff has waived the privilege of keeping the state-court records sealed. However, at this stage of the proceedings, this Court is without authority to order the state-court records unsealed.

(citing *Green v. Montgomery*, 219 F.3d 52, 57 (2d Cir.); *Wright v. Snow*, 175 A.D.2d 451, 452, (3d Dep't 1991); *Thomas v. Prinzi*, No. 15-CV-6061W, 2016 WL 5334439, at *2 (W.D.N.Y. 2016) (Payson, M.J.)[1]). *See also* *McIntosh v. Cnty. of Monroe*, No. 14-CV-6257CJS, 2018 WL 3322764, at *1 (W.D.N.Y. 2018).

The waiver of 160.50 privacy rights can also extend to arrests not related to the particular arrest at issue in the civil suit, because those other arrests could be relevant for issues such as damages. *See*, *e.g.*, *Cicero v. City of New York*, No. 11 CV 0360 NGG, 2011 WL 3099898, at *1 (E.D.N.Y. 2011) (requiring Plaintiff to authorize the unsealing of all prior arrests, even those not leading to convictions.)

### 3. The Plaintiff has waived his rights to privacy in his sealed files by demanding and agreeing to their release.

The Plaintiff has waived his rights to privacy in his sealed files by demanding and agreeing to their release. As shown in Defendants' declaration, Plaintiff served a discovery demand on Defendants for:

> All documents maintained by the Monroe County District Attorney's Office ("MCDAO") concerning Plaintiff, including without date limitation, all records regarding all arrests and prosecutions of Plaintiff in the possession of the MCDAO.

*See* **County Exhibit 1**.

---

[1] In *Thomas* Judge Payson found that: "With respect to plaintiff's request for access to the transcript of his underlying criminal trial, it appears that the entire case has been sealed pursuant to New York Criminal Procedure Law § 160.50, presumably because plaintiff was acquitted after a jury trial. (Docket # 4 at 13). Under such circumstances, requests for access to sealed records should be made, in the first instance, to the court that issued the sealing order or by subpoena or request to the clerk of the court or the prosecuting attorney." *Thomas* 2016 WL 5334439, at *2 (citing*Townes v. New York City*, 1996 WL 164961, *10 (E.D.N.Y. 1996)).

Plaintiff's Attorneys stipulated that:

> All orders to seal charges relating to *any criminal charges against the Plaintiff* by the Monroe County District Attorneys Office (MCDA), whether issued by a Court or created by operation of law, are vacated.

*See* ECF No. 24. And Plaintiff signed an authorization agreeing to the unsealing and disclosure of "any and all other records relating to myself in [Defendants'] possession." *See* ECF No. 28-2. Therefore Plaintiff has effectively waived any privacy rights in any files pertaining to him from the Monroe County District Attorney's Office.

### 4. This discovery motion should not be heard under the Local Rules of Civil Procedure.

This discovery motion should not be heard under the Local Rules of Civil Procedure. Local Rule 7(d)(3) states:

> (3) Discovery Motion. No motion for discovery and/or production of documents under Fed. R. Civ. P. 37 shall be heard unless accompanied by an affidavit showing that sincere attempts to resolve the discovery dispute have been made. Such affidavit shall detail the times and places of the parties' meetings or discussions concerning the discovery dispute and the names of all parties participating therein, and all related correspondence must be attached.

Although Plaintiff's Attorneys did submit their version of the conversations and communications leading to this dispute, they did not submit an affidavit, and it is respectfully submitted that the Plaintiff's submissions do not show a sincere attempt to resolve disputes, and rather seem to show an attempt to create disputes.

### 5. Plaintiffs should not be allowed to reply to Defendants' response to this motion.

Plaintiffs should not be allowed to reply to Defendants' response to this motion. Local Rule 7(a)(1) states:

4

> (1) Notice of Motion. A notice of motion is required for all motions, and must state: the relief sought, the grounds for the request, the papers submitted in support, and the return date for the motion, if known. A moving party who intends to file and serve reply papers must so state in the notice of motion. Failure to file or serve a notice of motion unless otherwise ordered or excused by the Court may be grounds for denial or for striking of the motion, without prejudice. Reply papers filed without prior notice or authorization may be stricken.

Plaintiff's Attorneys did not submit a notice of motion for this motion and did not state any intention to file reply papers, therefore Defendants object to the filing of reply papers regarding this motion.

**WHEREFORE:** Plaintiff's motion should be denied because all sealed files about him have remained sealed and Plaintiff waived the protections of CPL § 160.50 by bringing this suit and by demanding and agreeing to the unsealing of his files. This motion should not be heard at all because Plaintiff's Attorneys did not demonstrate a sincere attempt to resolve the respute, and the Plaintiff's Attorneys waived the ability to file a reply to this response.

Dated:  October 14, 2024            **JOHN P. BRINGEWATT,**
                                    **MONROE COUNTY ATTORNEY**
                                    *Attorney for the County Defendants*

                                    _____
                                    Adam M. Clark, Esq. of Counsel
                                    Deputy County Attorney
                                    307 County Office Building
                                    39 West Main Street
                                    Rochester, New York 14614
                                    Tel:  585-753-1374
                                    adamclark@monroecounty.gov