UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIUS HOWARD,<br><br>         *Plaintiff,*<br> v.<br><br>CITY OF ROCHESTER,<br>JONATHAN LAUREANO,<br>COUNTY OF MONROE, and<br>DARREN PILATO,<br><br>         *Defendants.* | Case No. 23-cv-6561(FPG)(MJP) |

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

**John P. Bringewatt, Monroe County Attorney**
*Attorney for Defendants County of Monroe and Darren Pilato*
Maria E. Rodi, First Deputy County Attorney
307 County Office Building, 39 W. Main Street
Rochester, New York 14614
585.753.1495
MariaRodi@monroecounty.gov

The entirety of Plaintiff's initial motion to compel (Doc. No. 28) was based upon unsealing Plaintiff's criminal file pursuant to Criminal Procedure Law ("CPL") §160.50. (*See* Plaintiff's Mem. in Support, Doc. No. 28-4.) The Court's Decision and Order on Plaintiff's motion confirms this, as the preamble "Introduction" explicitly references and discusses the automatic sealing of a criminal record pursuant to CPL §160.50 (and its related provision, CPL §160.60). (*See* Decision and Order, Doc. No. 44, at 1-2.) The Court noted that, "the benefits of Sections 160.50 and 160.60 flow *to that person*" – meaning the person whose criminal file was sealed. (*Id.* at 3.) (Emphasis in original.) The Court then granted Plaintiff's motion and ordered Monroe County to "hand over the 160.50 records Howard seeks." (*Id.* at 42.)

In compliance with the Court's Decision and Order (Doc. No. 44), on December 19, 2024, Monroe County produced the contents of Plaintiff's criminal file in its possession, except for grand jury materials and the pre-sentence investigation ("PSI") materials prepared by the Department of Probation, as the Decision and Order does not explicitly order production of grand jury materials or the PSI, the production of which is governed by CPL §§ 190.25 and 390.50, respectively.[1]

Plaintiff took umbrage with the County's production and brought the present motion to compel production of grand jury materials, PSI materials, and for sanctions. (Doc. No. 47.) For the reasons set forth below, Plaintiff's motion should be denied.

---

[1] Along with its production to Plaintiff, the County noted in writing that production of grand jury materials and PSI materials was governed by CPL §§ 190.25 and 390.50, respectively, and also noted the need for a showing of "a compelling and particularized need" for production of grand jury materials, citing *Lehman v. Kornblau,* 206 F.R.D. 345, 348-9 and *Douglas Oil,* 441 U.S. 211. *See* Exhibit A to accompanying attorney declaration.

2

**Grand Jury Materials**

CPL §190.25 provides that, "grand jury proceedings are secret" and disclosure of the nature or substance of such proceedings must be pursuant to, *inter alia*, "written order of the court." CPL §190.25(4)(a). The statute also provides that evidence obtained by a grand jury may be viewed only by certain specified persons (district attorney and staff, police officers, and others specifically authorized by the court) and that "[s]uch evidence may not be disclosed to other persons without a court order." *Id.* The improper disclosure of grand jury materials is a class E felony. *See* Penal Law §215.70.[2]

Federal courts have long recognized the distinction between grand jury materials and other documents related to a criminal proceeding, specifically stressing the secrecy of grand jury proceedings as protecting the public interest. In 1958, the United States Supreme Court noted public policy reasons for the secrecy of grand jury proceedings: "[t]he grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow." *Proctor & Gamble Co.,* 356 U.S. 677, 682 (1958).

In 1979, the Supreme Court noted that the secrecy of grand jury proceedings dates back to the 17th century. *Douglas Oil Co. of Cal. v. Petrol Stops Nw.,* 441 U.S. 211, 219 (1979). In *Douglas Oil* the Supreme Court reiterated that public policy reasons were the basis for this secrecy. *Id.* ("It is clear … that disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure").

---

[2] The distinction between grand jury materials and other materials from a criminal proceeding is evidenced by the fact that CPL §160.50 does not have a criminal penalty for the improper disclosure of documents.

In 1983, the Supreme Court noted again that public policy necessitates grand jury secrecy:

> if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly…[g]rand jury secrecy, then, is as important for the protection of the innocent as for the pursuit of the guilty.

*United States v. Sells Eng'g, Inc.,* 463 U.S. 418, 424 (1983) (internal quotation omitted).

The Second Circuit has stated that, "[t]he Supreme Court has consistently recognized that the proper functioning of the grand jury system depends upon the secrecy of its proceedings." *U.S. v. Sobotka,* 623 F.2d 764, 766 (2d Cir. 1980); *see also In re Grand Jury Investigation of Cuisinarts, Inc.,* 665 F.2d 24, 28 (2d Cir. 1981) ("[t]his time-honored policy of secrecy has been the most essential, indeed indispensable, characteristic of grand jury proceedings").

This long-standing history of secrecy of grand jury proceedings is firmly rooted in public interest, as distinguished from the purposes behind sealing criminal records under CPL §160.50, which as this Court has noted, are more narrowly tailored to benefit the specific criminal defendant. (Decision and Order, Doc. No. 44, at 3.)

In light of the secrecy of grand jury materials, the Supreme Court in *Douglas Oil* articulated that a party seeking production of such materials must show that there is a "particularized need" for production of grand jury materials in the proceeding in which they are seeking such materials. *Douglas Oil,* 441 U.S. at 223. This has remained the standard for the production of grand jury materials.

In *McCoy v. City of New York,* the Eastern District reiterated the "particularized need" showing for production of grand jury materials, and – significantly – analyzed a request for production of grand jury materials pursuant to CPL §190.25(4)(a), not CPL §160.50. *McCoy,*

4

Case No. 07-cv-4143, 2008 WL 3286270, *1 (E.D.N.Y. August 7, 2008).[3] In *Baynes v. Ruderfer,* 234 F.Supp.3d 574, the Southern District recognized the required "particularized need" showing for disclosure of grand jury minutes, and noted that "[t]he showing required is substantial." *Id.* at 578, quoting *Alvarado v. City of New York,* Case No. 04-cv-2558, 2006 WL 2252511, *2 (E.D.N.Y. Aug. 5, 2006).

The Second Circuit has found that, "it does not follow that disclosure of grand jury matters, simply because it is preliminary to or in connection with a judicial proceeding, is automatically authorized." *U.S. v. Sobotka,* 623 F.2d at 766. The Court further noted that, even when a grand jury investigation has terminated, a party seeking disclosure of grand jury materials must still make a showing of necessity. *Id.* at 767. Indeed, in *Sobotka,* the Second Circuit reversed the District Court's order to produce grand jury materials, despite the grand jury proceeding having been concluded, because the party seeking disclosure had not shown a

---

[3] *McCoy,* like a significant amount of federal jurisprudence, calls for an application for production of grand jury materials to initially be made to the state court that supervised the grand jury as a matter of comity. *See, e.g., Douglas Oil,* 441 U.S. at 224-26; *Harewood v. Braithwaite,* Case No. 09-cv-2874, 2013 WL 3863905, *1 (E.D.N.Y. 2013) (listing cases where courts required application for grand jury disclosure be first directed to the state court that supervised the grand jury proceedings); *Palmer v. Estate of Stuart,* Case No. 02-cv-4076, 2004 WL 2429806, *2 (S.D.N.Y., Nov. 1, 2004) (finding that after initial application to state court, federal court may reconsider any denial of grand jury production).

There are also a number of cases that do not require any such initial application to the state court for the production of grand jury materials. *See, e.g., Rhooms v. City of New York,* Case Nos. 11-cv-5910, 13-cv-5006, 2014 WL 4385856, *1 n.2 (E.D.N.Y. Sept. 4, 2014); *Baynes v. Ruderfer,* 234 F.Supp.3d 574 (S.D.N.Y. 2017).

Respectfully, that issue is not before the Court on this motion and is therefore not addressed herein. The issue that Plaintiff has raised in his motion is whether the County has violated this Court's Decision and Order (Doc. No. 44) by not producing grand jury and PSI materials, and the County's basis for not producing these materials is that their production is based on CPL §§ 190.25 and 390.50, and not specifically authorized by the Court's Decision and Order.

5

particularized need so that "the secrecy of the proceedings (may be) lifted discretely and limitedly." *Id.* at 768.

Thus, federal courts have routinely and consistently treated grand jury materials separately, requiring a distinct showing of need (separate and apart from anything required under CPL 160.50) by a party seeking production of such materials.

The Appellate Division, Fourth Department has approached grand jury materials in the same fashion. In *Williams v. City of Rochester,* the Court reversed the lower court's granting an application seeking disclosure of grand jury materials made by the plaintiff in a civil rights action involving a fatal police shooting. *Williams,* 151 A.D.3d 1698 (4th Dept. 2017). The Fourth Department found that the plaintiff had, "failed to 'demonstrat[e] 'a compelling and particularized need for access'' to the grand jury materials." *Id.* at 1698, quoting *People v. Fetcho,* 91 N.Y.2d 765 (1998), *Matter of District Attorney of Suffolk County,* 58 N.Y.2d 436 (1983). The Court noted that the need to show a compelling and particularized need was necessary to "overcome the 'presumption of confidentiality [that] attaches to the record of [g]rand [j]ury proceedings'…and is a prerequisite to the court's exercise of its discretion in 'balanc[ing] the public interest for disclosure against the public interest favoring secrecy.'" *Id.* at 1689-99, quoting *Fetcho,* 91 N.Y.2d at 769.[4]

Here, Plaintiff's underlying motion papers (Doc. No. 28) failed to set forth a particularized need for the production of grand jury materials in the present civil action before the Court. Indeed, there is no mention of grand jury materials, CPL §190.25, or "particularized need" in Plaintiff's motion. Instead, Plaintiff argued only that the Court unseal the entire criminal

---

[4] After the Fourth Department decision, the plaintiff sought grand jury materials from the District Court, which request Judge Payson denied. *See Williams v. City of Rochester,* Case No. 13-cv-6152W, Order and Report & Recommendation, Doc. No. 153.

6

file pursuant to CPL §160.50. And, based on the arguments put before the Court by Plaintiff on his motion, this Court's Decision and Order (Doc. No. 44) addresses only unsealing pursuant to CPL §160.50, and nothing related to the required particularized showing for production of grand jury materials.

In his present motion, Plaintiff fails to argue that he made the necessary showing for the production of grand jury materials in his underlying motion to compel, nor does he articulate a basis for production of grand jury materials at this point.

Plaintiff cites *Bethea v. City of New York,* Case No. 16-cv-2522, 2017 WL 979030, *2 (E.D.N.Y. March 13, 2017) and argues that federal courts have held that they have the authority to unseal grand jury materials. (P. Mem. at 4.) As is shown above, however, regardless of the court in which grand jury materials are sought (and the County acknowledges in footnote 3 above that federal courts have ordered production of grand jury materials in the first instance), the party seeking them *must* specifically show that there is a particularized need for the production of grand jury materials in the case in which they are being sought. And, further, a court must find that such particularized need exists and, based on that need, order production of the grand jury materials. None of that was part of Plaintiff's underlying motion. Nor is it part of Plaintiff's present motion to compel.

Indeed, after determining that federal courts can order the production of grand jury materials in the first instance, the Court in *Bethea* then went on to discuss the particularized need burden in detail, found that the particularized need burden was not met, and *denied* production of grand jury materials. *Id.* at *3. Thus, the case that Plaintiff heavily relies upon in his motion stands for the exact proposition that the County is arguing herein.

**Presentence Investigation Report**

Similarly, PSI materials are governed not by CPL §160.50 but, rather, CPL §390.50. In *U.S. v. Fernandes,* 115 F.Supp.3d 375 (W.D.N.Y. 2015), Judge Wolford addressed a request for PSI materials using CPL §390.50 as the standard. In *Fernandes,* Judge Wolford recited the language of CPL §390.50, that "PSI's are 'confidential and may not be made available to any person or public or private agency except where specifically required or permitted by statute or upon specific authorization of the court.'" *Id.* at 377, quoting CPL 390.50(1). Regarding the showing required for production of PSI materials, the Court also referenced two state court decisions:

> *See People v. Fishel,* 128 A.D.3d 15, 18 (3d Dept. 2015) ("[u]nder CPL 390.50, criminal defendants themselves are not entitled to their PSI in collateral proceedings, absent statutory authority, except under limited conditions, i.e., upon a proper factual showing of need…."); *Blanche v. People,* 193 A.D.2d 991, 992 (3d Dept. 1993) (denying petitioner's request for a copy of his presentence report prepared in connection with a prior criminal action against him, as he "failed to make any factual showing sufficient to warrant the disclosure of the report to him").

*Fernandes,* at 377.

The interests at issue with respect to PSI materials are significant. The materials may contain "information obtained upon a promise of confidentiality," and "information which if disclosed might result in harm." *Rossney v. Travis,* Case No. 00-cv-4562, 2003 WL 135692, *11 (S.D.N.Y. Jan. 17, 2003). The Court in *Rossney* further noted that, "the Victim Impact Statement is specifically exempt from disclosure by the Division of Parole unless disclosure is expressly authorized by the victim or by court order." *Id.* Indeed, the *Rossney* Court conducted an *in camera* review of the PSI materials requested to be produced.

The interests that CPL 390.50 protect by making PSI materials confidential are those of victims and others who provide information for the materials, not the criminal defendant. Like

8

the public policy interests behind the secrecy of grand jury materials, this is contrasted with the interests of CPL 160.50, which serve the criminal defendant whose file is sealed. (*See* Decision and Order, Doc. No. 44, at 3: "the benefits of Sections 160.50 and 160.60 flow *to that person.*")

Here, Plaintiff's initial motion to compel failed to set forth a factual showing demonstrating a need for the PSI materials. Like the grand jury materials, the need for these documents must be distinctly and independent expressed by the party seeking their production. Plaintiff made no such showing, and the Decision and Order (Doc. No. 44) thus did not "expressly authorize" production of PSI materials. *See Rossney,* at *11.

**Conclusion**

Because (1) Plaintiff failed to state a particularized need for the production of grand jury minutes in the present civil action or set forth a factual showing demonstrating the need for PSI materials, and as a result (2) the Decision and Order (Doc. No. 44) does not find that there is a particularized need for the production of grand jury materials or specifically authorize their production, or the production of PSI materials, it is the County's position that it is not authorized to produce such materials. It is further respectfully submitted that not only does the County's position comport with the Court's Decision and Order (Doc. No. 44), but also with federal jurisprudence, and, as such, is substantially justified and not a basis for the issuance of sanctions.

Dated:  January 6, 2025                    Respectfully submitted,

John P. Bringewatt, Monroe County Attorney

By: _____
Maria E. Rodi, First Deputy County Attorney
307 County Office Building, 39 W. Main Street
Rochester, New York 14614
585.753.1495
mariarodi@monroecounty.gov

9