**EXHIBIT A**

| | |
|---|---|
| **From:** | Rodi, Maria E |
| **To:** | Rodi, Maria E |
| **Subject:** | FW: Howard v. City of Rochester et al., No. 23-cv-6561 - Depo noticing & unsealing order |
| **Date:** | Friday, January 3, 2025 4:51:49 PM |
| **Attachments:** | 2024-12-19 Howard-unsealing stipulation and order.pdf |

**From:** Clark, Adam M
**Sent:** Friday, December 20, 2024 9:42 AM
**To:** 'Clyde Rastetter' <clyde@kcrllp.com>; 'Noone, Chris' <Chris.Noone@CityofRochester.Gov>
**Cc:** 'Elliot Dolby Shields (Work)' <eshields@rothandrothlaw.com>
**Subject:** RE: Howard v. City of Rochester et al., No. 23-cv-6561 - Depo noticing & unsealing order

Here is the file:

https://www.dropbox.com/scl/fo/11ciptwk2ry750cgx1a59/AM2yudre62z3rmc3RNLb0J c?rlkey=oihznzm4ghc2bjfi471orvqi8&e=1&st=ab95lotc&dl=0

I am unable to disclose Grand Jury materials and a copy of a pre-sentence report at this time because those documents are sealed under different provisions of NY Law other than CPL 160.50 (CPL 190.25 and CPL 390.50, respectively.) Plaintiff's motion to unseal and Judge Pedersen's order do not unseal Grand Jury material or pre-sentence reports. *See* Lehman v. Kornblau, 206 F.R.D. 345, 348–49 (E.D.N.Y. 2001) (Which Judge Pedersen cited in his decision):

> *Grand Jury Proceedings:*
>
> The County defendants argue that, pursuant to N.Y.Crim. Proc. Law § 190.25(4), proceedings of the Grand Jury are confidential and not subject to disclosure without a showing of a compelling and particularized need for the material, and that any [*349] application for release of grand jury proceedings must be made to the state court. While the defendants overstate the limits on this court's powers with regard to discovery of grand jury papers, the court finds that as a matter of comity the plaintiff should first make his application to the state court that supervised the grand jury at issue. *See Ruther v. Boyle,* 879 F.Supp. 247, 250 (E.D.N.Y.1995). "If after reviewing the plaintiff's application, the state court supervising the grand jury decides that secrecy of the grand jury proceedings is still warranted, then the plaintiff may challenge the state court's decision before this court." *Id.* at 252 (citing *Lucas v. Turner,* 725 F.2d 1095, 1099 (7th Cir.1984)).
>
> Lehman v. Kornblau, 206 F.R.D. 345, 348–49 (E.D.N.Y. 2001) (*see also* Douglas Oil Co. of California v. Petrol Stops Nw., 441 U.S. 211, 222–24, 99 S. Ct. 1667, 1674–75, 60 L. Ed. 2d 156 (1979)).

However, I have prepared the attached stipulated order for the Grand Jury Materials and pre-sentence report. If you sign and return it to me we will submit it Judge Renzi, and once signed we will disclose the remaining materials.

Adam

Adam M. Clark
County of Monroe, Department of Law
307 County Office Building, 39 West Main Street
Rochester, New York 14614
Phone: (585) 753-1374
Fax: (585) 324-4227
AdamClark@monroecounty.gov