UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARIUS HOWARD,<br><br>       Plaintiff,<br><br>-against-<br><br>CITY OF ROCHESTER,<br>JONATHAN LAUREANO,<br>COUNTY OF MONROE, and<br>DARREN PILATO,<br><br>       Defendants. | Case No.: 23-cv-6561 (FPG) (MJP) |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

Clyde Rastetter
KOPKE CHRISTIANA & RASTETTER LLP
199 Cook Street, Suite 308
Brooklyn, NY 11206
t: (917) 451-9525
e: clyde@kcrllp.com

Elliot Shields
ROTH & ROTH, LLP
192 Lexington Ave., Suite 802
New York, NY 10016
t: (212) 425-1020
e: eshields@rothandrothlaw.com

*Attorneys for Plaintiff*

## INTRODUCTION

Defendant County of Monroe's ("the County") eleventh hour attempt to withhold grand jury and pre-sentence investigation ("PSI") materials from Plaintiff Darius Howard's ("Plaintiff") criminal file does not withstand scrutiny. The Court's November 25, 2024 order (the "Order") unambiguously directed production of "the complete contents of the file" without qualification, and the County forfeited any objections based on the statutes they now cite by failing to raise them during the extensive prior proceedings. The County's belated parsing of different categories of sealed records not only contradicts the Order's plain language but ignores this Court's thorough analysis establishing the supremacy of federal law over state confidentiality statutes.

Furthermore, given the detailed pattern of misconduct alleged to have been committed by Defendants Laureano and Pilato here—including Laureano's perjury about returning Plaintiff's exculpatory cell phone and Pilato's knowing presentation of this false testimony in more than one proceeding—Plaintiff has demonstrated the particularized need required for disclosure of the grand jury and PSI materials. Access to these materials is critical not only for purposes of rebutting the presumption of probable cause created by Plaintiff's indictment, but also for proving Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Laureano and Pilato for fabrication and destruction of evidence and conspiracy. Denying access to these materials would hazard injustice by depriving Plaintiff of critical evidence necessary to vindicate his constitutional rights.

The County's piecemeal objections have needlessly prolonged this dispute and wasted judicial resources. The Court should order immediate production of Plaintiff's complete criminal file as previously directed and award attorney's fees and sanctions for the County's unjustified noncompliance with its Order.

ARGUMENT

POINT I

**THE COURT'S PRIOR ORDER FORECLOSES THE COUNTY'S SELECTIVE COMPLIANCE, AND THE COUNTY HAS FORFEITED ANY OBJECTIONS BASED ON GRAND JURY OR PRE-SENTENCE INVESTIGATION CONFIDENTIALITY**

The Court's November 25, 2024 Order unambiguously directed the production of "the ***complete contents*** of the file related to Plaintiff Darius Howard's underlying criminal prosecution." ECF No. 44 at 49–50 (emphasis added). The Court explicitly held that "[a]ll that Howard requested—official and unofficial files—are unsealed." *Id.* at 50. This comprehensive language forecloses the County's attempt to parse different categories of sealed records for separate treatment. The Court's thorough analysis established the supremacy of federal law over state confidentiality statutes in the context of this action and rejected artificial barriers between different types of sealed materials. Having ordered production of the complete file without qualification or limitation, the Court's Order leaves no room for the County's selective compliance.

Even if the Order's language somehow permitted such distinctions, the County's discovery responses contained no objections based on grand jury or PSI confidentiality, *see* ECF No. 44-1 at 3, and more significantly, the County had numerous opportunities to raise these matters during the proceedings on Plaintiff's motion to unseal but failed to do so. If the County believed certain materials in Plaintiff's criminal file required special treatment, they should have raised those concerns when the Court was considering the broader unsealing issues. Instead, the County's belated objections to producing materials purportedly protected by New York Criminal Procedure Law Sections 190.25 and 390.50 come far too late and should be deemed forfeited. *See Land Ocean*

2

*Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 237–39 (W.D.N.Y. 1998) (noting that failing to timely interpose particularized assertions of privilege or protection results in waiver).

The County's piecemeal objections have needlessly prolonged this dispute and wasted judicial resources. By waiting until only after the Court's comprehensive unsealing order to first raise grand jury or PSI confidentiality, the County has forfeited its right to assert these privileges. *See Land Ocean*, 181 F.R.D. at 237–39. The Court should reject the County's untimely objections and order the immediate production of Plaintiff's complete criminal file as previously directed. *See* ECF No. 44 at 49–50.

**POINT II**

**ALTERNATIVELY, PLAINTIFF HAS DEMONSTRATED A PARTICULARIZED NEED FOR GRAND JURY MATERIALS**

Assuming the Court finds that the County's belated objections were not forfeited or already resolved by its prior Order, Plaintiff has demonstrated the particularized need required for disclosure of grand jury materials. Access to these materials is critical not only for Plaintiff to be able to rebut the presumption of probable cause created by his indictment and prove his § 1983 malicious prosecution claim against Defendant Laureano, but also for Plaintiff to pursue and prove his § 1983 claims for fabrication and destruction of evidence and conspiracy claims against Defendants Laureano and Pilato. Without these materials, Plaintiff will be deprived of a full and fair opportunity to pursue and prove his claims and severely prejudiced.

Among other claims, Plaintiff asserts causes of action for malicious prosecution, deprivation of his due process right to a fair trial by fabrication and destruction of evidence, and conspiracy. *See* ECF No. 1 ¶¶ 166–95. In support of these claims, Plaintiff alleges detailed facts and circumstances related to a pattern of misconduct by Defendants Laureano and Pilato during the

3

underlying criminal proceedings. Plaintiff's Complaint details how Laureano falsely claimed in his paperwork to have observed Howard driving a car on September 21, 2015—the foundational false claim underlying all criminal charges—and included many other false assertions to bolster this fabricated claim. *See id.* ¶¶ 54–70. Although Plaintiff recorded a video on his cell phone that would have undermined Laureano's false claims, Plaintiff's phone was never returned to him. *See id.* ¶¶ 28–31, 61–67. Laureano then gave false testimony before and during trial about supposedly returning Plaintiff's phone to him, and Pilato knowingly elicited this testimony from Laureano despite having possession of Plaintiff's phone throughout. *See id.* ¶¶ 69, 76–77, 80, 83–84, 91–92. The phone was ultimately destroyed while Plaintiff's appeal was pending, which Plaintiff alleges was done by or at the behest of Defendants Laureano and/or Pilato, as they both understood its evidentiary value and conspired to destroy it to cover up their misconduct during Plaintiff's prosecution. *See id.* ¶¶ 93–99.

Given this detailed pattern of misconduct alleged to have been committed by Defendants Laureano and Pilato during the underlying criminal proceedings, it is reasonable to infer that these Defendants engaged in similar misconduct—including perjury, presentation of false evidence, and/or suppression of evidence—before the grand jury. The grand jury materials that would reveal this additional misconduct are necessary for Plaintiff to obtain not only to rebut the presumption of probable cause created by Plaintiff's indictment, which requires Plaintiff to demonstrate that his indictment was procured through "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith," *Colon v. City of New York*, 455 N.E.2d 1248, 1251 (N.Y. 1983);

4

*accord Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015),[1] but also to prove Plaintiff's fabrication, destruction, and conspiracy causes of action against Defendants Laureano and Pilato. For example, although Plaintiff has already alleged that Laureano knowingly gave false testimony before the grand jury with respect to observing Plaintiff driving a vehicle on September 21, 2015, *see* ECF No. 1 ¶¶ 68–70, the grand jury materials could reveal additional false testimony and evidence provided by Laureano, and knowingly presented by Pilato, which would aid in rebutting the presumption of probable cause. The grand jury materials could also help to establish the full scope and timeline of the alleged conspiracy between Laureano and Pilato to destroy exculpatory evidence including Plaintiff's cell phone by revealing early coordination or additional acts undertaken by these Defendants in furtherance of their conspiracy.

Thus, it is in precisely these circumstances—where civil rights claims would be hindered by denial of access to grand jury materials—that courts in this circuit have recognized a compelling need for and ordered the production of such materials. *See, e.g.*, *Jorgensen v. County of Suffolk*, No. CV 11-2588 (ADS) (AYS), 2019 WL 13450780, at *3–4 (E.D.N.Y. Oct. 2, 2019) (granting access to grand jury materials in a malicious prosecution case where the plaintiff alleged that the defendants had knowingly presented false evidence and testimony to the grand jury, which the court found strongly suggested misconduct sufficient to defeat the presumption or probable cause); *Anilao v. Spota*, 918 F. Supp. 2d 157, 163–64 (E.D.N.Y. 2013) (granting access to grand jury materials,

---

[1] Unless Plaintiff can "demonstrate that the proceedings before the grand jury were tainted," his indictment serves to "extinguish[]" his malicious prosecution claim. *Rothstein v. Carriere*, 373 F.3d 275, 283–85, 290 (2d Cir. 2004). As other courts have noted, this "sets a high bar for malicious prosecution claims in cases where a grand jury has issued an indictment," and, in effect, "requires plaintiffs to prove what happened before the grand jury to negate probable cause." *Frederick v. New York City*, No. 11 Civ. 469 (JPO), 2012 WL 4947806, at *9 (S.D.N.Y. Oct. 11, 2012).

5

including the grand jury charge, where the prosecutor was alleged to have been personally involved in a conspiracy to maliciously prosecute the plaintiff); *Frederick v. New York City*, No. 11 Civ. 469 (JPO), 2012 WL 4947806, at *10 (S.D.N.Y. Oct. 11, 2012) (finding particularized need showing to have been met in a malicious prosecution case where the plaintiff detailed specific factual allegations of official misconduct that were "sufficient to rebut the presumption of probable cause if ultimately proven true").[2]

As this Court has already recognized, Plaintiff has "a strong federal interest" in pursuing his § 1983 claims accusing government officials of misconduct resulting in his wrongful conviction. ECF No. 44 at 28–30; *see also, e.g.*, *Hardin v. Straub*, 490 U.S. 536, 539 (1989) (describing "§ 1983's chief goals of compensation and deterrence"). The grand jury materials are highly relevant and necessary for Plaintiff to prove his claims for malicious prosecution, fabrication and destruction of evidence, and conspiracy. Denying access to these materials would hazard injustice by depriving Plaintiff of critical evidence necessary to vindicate his constitutional rights.

## POINT III

### THE COURT ALSO HAS AUTHORITY TO AND SHOULD ORDER THE PRODUCTION OF PSI MATERIALS

While there is scant caselaw addressing the discoverability of PSI materials in § 1983 cases, the same principles the Court relied on in its unsealing decision counsel in favor of compelling

---

[2] Several decisions in this area suggest that something more than a plaintiff's own version of events is necessary to rebut the presumption of probable cause created by an indictment. *See, e.g.*, *Frederick*, 2012 WL 4947806, at *9–10. However, this is no longer good law. *See Bellamy v. City of New York*, 914 F.3d 727, 746 (2d Cir. 2019) ("Contrary to the district court's analysis, a § 1983 plaintiff's testimony alone may be independently sufficient to raise a genuine issue of material fact."); *Rentas v. Ruffin*, 816 F.3d 214, 221 (2d Cir. 2016) (holding that a plaintiff's testimony alone may constitute independent evidence to prove that defendants provided the grand jury with false evidence).

production of PSI materials here. As the Court explained, federal law governs discovery in this action, and state confidentiality rules "should never be permitted to frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983." ECF No. 44 at 26 (quoting *Lehman v. Kornblau*, 206 F.R.D. 345, 348 (E.D.N.Y. 2001)). This reasoning applies with equal force to PSI materials.

In arguing to the contrary, the County relies exclusively on cases involving criminal defendants or habeas petitioners seeking their PSI reports. *See United States v. Fernandes*, 115 F. Supp. 3d 375 (W.D.N.Y. 2015); *Rossney v. Travis*, No. 00 Civ. 4562 (JGK), 2003 WL 135692 (S.D.N.Y. Jan. 17, 2003). These cases are inapposite, since they do not address the discoverability of PSI materials in the context of federal civil rights actions where, as here, disclosure is necessary to pursue and prove constitutional violations. The different context and competing interests in the cases relied on by the County thus make them poor guideposts for determining discoverability in § 1983 cases.

For many of the same reasons already discussed regarding the grand jury materials, access to the PSI items is critical for Plaintiff to pursue his constitutional claims. The PSI materials likely contain statements and evidence that could reveal additional misconduct or exculpatory information heretofore unknown to Plaintiff, and are thus highly relevant to Plaintiff's pursuing and proving his causes of action against Defendants Laureano and Pilato. *See* ECF No. 1 ¶¶ 166–95. Without these materials, Plaintiff's ability to vindicate the violations of his constitutional rights will be severely frustrated.

# POINT IV

## THE COURT SHOULD AWARD ATTORNEY'S FEES AND IMPOSE SANCTIONS FOR THE COUNTY'S UNJUSTIFIED NONCOMPLIANCE WITH THE COURT'S ORDER

**A. Mandatory attorney's fees under Rule 37(a)(5)(A) are warranted because the County's position was not substantially justified.**

Under Federal Rule of Civil Procedure 37(a)(5)(A), the Court must award attorney's fees if Plaintiff's motion is granted unless the County's nondisclosure was "substantially justified." *See, e.g.*, ECF No. 44 at 44–47. Here, three factors demonstrate why the County's position was not substantially justified and an award of attorney's fees is warranted.

First, the County belatedly raised the grand jury and PSI issues for the first time only after the extensive prior briefing on unsealing Plaintiff's criminal file, despite multiple opportunities to raise these matters during earlier proceedings. The County cannot be substantially justified in raising new objections based on privileges that were arguably forfeited by their earlier inaction.

Second, the Court's November 25, 2024 Order left no room for reasonable disagreement. The Court unequivocally ordered the production of "the complete contents of the file related to Plaintiff Darius Howard's underlying criminal prosecution." ECF No. 44 at 50. The Order placed no limitations or carve-outs for different categories of sealed records. The County's attempt to parse the Order and create artificial distinctions between types of sealed records directly contradicts its plain language.

Third, the County's arguments largely rehash positions this Court has already rejected. The County again invokes principles of comity and deference to state confidentiality statutes— arguments this Court thoroughly analyzed and rejected in its Order. *See* ECF No. 44 at 25–30. The County provides no compelling reason why these arguments should yield a different result when

applied to grand jury and PSI materials. Recycling previously rejected arguments cannot constitute substantial justification for noncompliance.

The County's piecemeal approach to raising privilege objections has needlessly prolonged this dispute and caused Plaintiff to incur additional attorney's fees that could have been avoided had these issues been raised at the appropriate time. Given the circumstances, the County's position was not substantially justified, and mandatory attorney's fees should be awarded pursuant to Rule 37(a)(5)(A).

## B. Sanctions are warranted under Rule 37(b)(2)(A) for the County's violation of the Court's Order.

Beyond mandatory attorney's fees, the Court should also impose sanctions pursuant to Rule 37(b)(2)(A) for the County's violation of the Court's unambiguous discovery Order. The County's selective compliance with the Court's Order directing production of "the complete contents" of Plaintiff's file constitutes exactly the type of conduct that Rule 37(b)(2)(A) was designed to deter. Even though the Court warned that it was unlikely to show future restraint in awarding attorney's fees, the County proceeded to violate the clear terms of the Court's Order by withholding materials that indisputably were within its scope.

The County's deliberate noncompliance based on arguments that it could and should have raised earlier has needlessly prolonged this process and warrants sanctions to deter similar conduct in the future. Therefore, the Court should impose monetary sanctions in addition to attorney's fees to ensure the County's compliance with discovery orders going forward.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant in full Plaintiff's motion to compel pursuant to Federal Rules of Civil Procedure 37(a)(3)(B)(iv) and 37(b)(2)(A) and order the immediate production of all withheld materials from Plaintiff's criminal file, including grand jury and PSI materials, as well as the imposition of attorney's fees and sanctions.

Dated: New York, New York
       January 13, 2025

                                              Respectfully submitted,
                                              KOPKE CHRISTIANA & RASTETTER LLP

By:    /s/Clyde Rastetter
         Clyde Rastetter
         199 Cook Street, Suite 308
         Brooklyn, NY 11206
         t: (917) 451-9525
         e: clyde@kcrllp.com

ROTH & ROTH, LLP

By:    /s/Elliot Shields
         Elliot Shields
         192 Lexington Ave., Suite 802
         New York, NY 10016
         t: (212) 425-1020
         e: eshields@rothandrothlaw.com

*Attorneys for Plaintiff*