UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**Darius Howard,**

        Plaintiff,

    v.

**City of Rochester, et al.,**

        Defendants.

**DECISION and ORDER**

23-cv-6561-FPG-MJP

---

**APPEARANCES**

| | |
|---|---|
| For Plaintiff: | **Clyde M. Rastetter, Esq.**<br>Kopke Christiana & Rastetter LLP<br>199 Cook St, Ste 308<br>Brooklyn, NY 11206<br><br>**Elliot D. Shields, Esq.**<br>Roth & Roth LLP<br>192 Lexington Ave, Ste 802<br>New York, NY 10016 |
| For the County Defendants: | **Adam M. Clark, Esq.**<br>Monroe County Law Dep't<br>39 W Main St<br>Rochester, NY 14614 |
| For the City Defendants: | **Christopher Noone, Esq.**<br>City of Rochester Law Dep't<br>City Hall, Rm 400-A<br>30 Church St<br>Rochester, NY 14614 |

**INTRODUCTION**

    **Pedersen, M.J.** Attorneys who fail to read court orders do so at their peril. This Court ordered unsealed "the complete contents of the

1

file related to Plaintiff Darius Howard's underlying criminal prosecution, *People v. Darius Howard*[.]" *Howard v. City of Rochester*, No. 23-CV-6561-FPG-MJP, 2024 WL 4884216, at *19 (W.D.N.Y. Nov. 25, 2024) (quotation omitted). Defendant Monroe County does not believe this is what the Court ordered. The Court will hand-hold the County, taking baby steps through its earlier decision to explain why the Court meant what it said. But the Court's handholding has a price.

That price is attorneys' fees under Fed. R. Civ. P. 37(a)(5)(A). First, the Court grants Howard's second motion to compel. The Court finds no reason to deny Howard's counsel attorneys' fees. Thus, Howard may apply for attorneys' fees for his second motion to compel within 30 days of this decision and order.

Separately, the Court finds that the County has disobeyed an unambiguous discovery order. The Court declines to issue or recommend other sanctions for now but issues a warning to the County. Should the County fail to meet the new court-ordered deadline for providing Howard's entire file, the Court may assess additional monetary sanctions under Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(C).

The Court turns to summarizing its reasons for granting Howard's motion. First, the County should recall that it *joined* Howard's motion before trying to backtrack. As the Court found, the County lost the chance to oppose Howard's motion to unseal on substantive grounds,

2

which the Court determines include comity (and separate sealing provisions). *Howard*, 2024 WL 4884216, at *16 ("The County represented that it had reviewed Howard's motion [to unseal] and that—notwithstanding Howard's letter request for a conference and sanctions—it joined Howard's motion. So, Howard's motion was unopposed. Because the Court determines that it may hear Howard's motion to unseal, the Court likewise finds that the County has forfeited any chance to oppose it on substantive (though certainly not jurisdictional) grounds." (alteration added)).

Next, even if the County had not joined Howard's motion, the County should have known about and raised other sealing provisions in opposing Howard's motion to unseal. Unsurprisingly, for example, grand jury materials are involved in Howard's file. The parties cannot dispute that the Monroe County District Attorney's Office obtained an indictment against Howard.[1] And an indictment would necessarily involve an ADA presenting the case to the grand jury.

---

[1] In his complaint, Howard stated:

On or about February 24, 2016, Defendant Laureano and the MCDAO caused Plaintiff to be indicted on one count each of: (1) Criminal Possession of a Controlled Substance in the Third Degree, pursuant to New York Penal Law Section 220.16[1] [possession with intent to sell]; (2) Criminal Possession of a Controlled Substance in the Fifth Degree, pursuant to New York Penal Law Section 220.06[5] [possession of 500 milligrams or more of cocaine]; and (3) Aggravated Unlicensed Operation of a Motor

3

Finally, despite the unambiguous language of the Court's earlier order, the County did not challenge or seek clarification of that order. So the Court provides the County—at a cost—with a follow-up order clarifying that the Court indeed meant what it said: All of Howard's files are unsealed. The Court hopes that the County will change its litigation practices to avoid this kind of hand-holding in the future.

## DISCUSSION

### *The Court's earlier decision unsealed Howard's entire file.*

This Court's earlier decision and order unsealed the entire file underlying Howard's prosecution. The Court did so in unambiguous language:

> As requested, the Court converts Howard's motion to unseal into a motion to compel and unseal. The Court **GRANTS** that motion and its requested relief for "the complete contents of the file related to Plaintiff Darius Howard's underlying criminal prosecution, *People v. Darius Howard*, Ind. No. 2016-154." (Notice of Mot., ECF No. 28, Sept. 30, 2024.) The Court notes that it has examined the sealing orders issued in the underlying criminal prosecution and has found nothing that would give the Court pause in ordering this unsealing.

---

Vehicle in the First Degree, pursuant to New York Vehicle and Traffic Law Section 511[3][a][ii].

(Compl. ⁋ 68, ECF No. 1, Sept. 28, 2023 (brackets in original).) Amazingly, the County simply denied the allegations in this paragraph. (County Answer ⁋ 1, ECF No. 5, Dec. 8, 2023.) "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). There can be no factual dispute that Howard was indicted. Yet the County's response ostensibly denies as much. As written, the County's answer does not fairly respond to the substance of the allegation.

4

*Howard*, 2024 WL 4884216, at *16 (citations omitted). Likewise, The Court knew this order would unseal grand jury and PSI materials.

While the Court generally does not inform the parties about discussions in Chambers, the undersigned considered the prospect that granting the relief requested in Howard's motion to unseal would mean releasing grand jury and PSI materials. In considering Howard's motion to unseal, the undersigned concluded that the County had either forfeited arguments about other sealing provisions by failing to raise them or by joining Howard's motion. So the Court worded its grant of relief unambiguously, hoping the parties would figure this out, stating that it granted Howard's "requested relief" that the Court unseal "the complete contents of [his] file." *Id*. (alteration added). Indeed, the Court went beyond a typical statement granting Howard's motion to point out the exact relief Howard sought. Similarly, the Court requested and examined the orders sealing Howard's file to determine if unsealing would harm the community or a particular person. But the Court stayed silent about the County's failure to raise other sealing provisions.

Why stay silent? The Court determined that if the County opposed that relief, it would have (and could have) timely raised other sealing provisions in opposition to Howard's motion to unseal. In so doing, the Court adhered to the longstanding principle of party presentation. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) ("[I]n both

civil and criminal cases, in the first instance and on appeal" courts "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008))). Under that principle, "courts are essentially passive instruments of government" that hear and decide motions as parties present them. *Id.* at 376 (quotation omitted). Only in rare circumstances should the court save a litigant from failing to raise an issue.

Here, the County could have raised separate sealing provisions based on what Howard had presented. It did not. Put bluntly, it is not this Court's duty to keep a sophisticated litigant like the County of Monroe from kneecapping itself.

The County urges the Court to conclude that Howard should have made a particularized showing in his motion to unseal if he wanted to obtain grand jury and PSI materials. The Court does not reach the question of whether Howard made such a showing. The Court holds that even if Howard failed to make a particularized showing, the County forfeited its arguments about other sealing provisions, requiring the Court to grant Howard's second motion to compel. Party presentation and the now-binding nature of the Court's earlier decision go hand-in-hand. If Howard needed, yet failed, to make a particularized showing, as the

6

County claims, it was up to the County to raise this issue during the briefing on Howard's motion to unseal.

### *The County has forfeited its arguments about other sealing provisions.*

Having concluded that the County had ample opportunity to raise other sealing provisions yet failed to do so, the Court turns to applying the doctrine that encompasses its conclusion: forfeiture. The Court agrees with Howard that ordering the production of Howard's complete file leaves no room for the County's selective compliance.

*First*, the County should have raised separate sealing provisions before this Court during the briefing on Howard's motion to unseal. (ECF No. 28.) The County's failure to raise these arguments means they are forfeit. *See Royal & Sun All. Ins. PLC v. UPS Supply Chain Sols., Inc.*, No. 16 CIV. 9791(NRB), 2018 WL 1888483, at *3 (S.D.N.Y. Apr. 5, 2018) (noting that a party's "failure to timely raise and fully address an issue ordinarily forfeits a party's right to have that issue decided by the court" (quotation omitted)). The Court finds that the County forfeited (or abandoned) arguments about separate sealing provisions: "[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." *Jones v. Pawar Bros. Corp.*, 434 F. Supp. 3d 14, 20 n.4 (E.D.N.Y. 2020) (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014)).

The larger record of this case likewise supports Howard's argument that the County has lost the chance to object based on other sealing provisions. Howard made unambiguous discovery requests for everything he could about his arrest and underlying conviction. *See Howard v. City of Rochester*, 2024 WL 4884216, at *20 (Court's Exhibit A, Request Nos. 3 & 4). As the Court held, the County has lost any objection to the form of these requests. *Id.* at *6 n.9. The Court now holds that this is a separate basis for finding the County's arguments about separate sealing provisions forfeit. *See Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 237–39 (W.D.N.Y. 1998) (noting that "failure to comply" with Federal Rules around responding to discovery requests "waives the objection" of privilege).

Howard again notified the County that he was moving to unseal the entire file underlying his arrest and prosecution in his notice of motion:

> Plaintiff hereby moves this Court, before the Honorable Mark W. Pedersen, for an order:
>
> (a) Unsealing the complete contents of the file related to Plaintiff Darius Howard's underlying criminal prosecution; [and]
>
> (b) Directing that a complete copy of all records and papers related to *People v. Darius Howard …* on file with any court, policy agency, prosecutor's office, or state or local agency be provided to counsel for Plaintiff and Defendants herein[.]

(Not. of Mot. at 1, ECF No. 28, Sept. 30, 2024 (alterations added).) The parties thus had adequate opportunity to raise all arguments about why some or all the records underlying Howard's arrest should not be unsealed. Indeed, the Court already held as much:

> Here, the County had adequate opportunity to respond to Howard's argument about this Court's authority to unseal his 160.50 records concerning the arrest underlying this case … The County represented that it had reviewed Howard's motion and that—notwithstanding Howard's letter request for a conference and sanctions—it joined Howard's motion. So, Howard's motion was unopposed. Because the Court determines that it may hear Howard's motion to unseal, the Court likewise finds that the County has forfeited any chance to oppose it on substantive (though certainly not jurisdictional) grounds.

*Howard*, 2024 WL 4884216, at *16 (internal citation omitted). That the Court used the term "160.50 records" simply reflects the parties raising only Section 160.50 in their arguments before the Court. But the County cannot dispute that it was on notice about Howard's requested relief. Nor can it dispute that it lost the chance to oppose Howard's motion.

The Court is sure that the County lost its arguments about other sealing provisions because these arguments are fundamentally rooted in comity, which is a prudential—not jurisdictional—doctrine. *See Levin v. Com. Energy, Inc.*, 560 U.S. 413, 432 (2010) ("Comity, we further note, is a prudential doctrine."). In cases where "the State voluntarily chooses to submit to a federal forum," for example, "principles of comity do not demand that the federal court force the case back into the State's own system." *Ohio Bureau of Employment Servs. v. Hodory*, 431 U.S. 471,

9

480 (1977). Thus, a party like the County can forfeit arguments about comity.

Accordingly, the Second Circuit has held that where a party fails to raise an argument rooted in comity timely, that argument is forfeit. *See Home Team 668 LLC v. Town of E. Hampton*, No. 24-959, 2024 WL 4764000, at *2 (2d Cir. Nov. 13, 2024) (failure to raise "a prudential limitation on the court's exercise of jurisdiction grounded in equitable considerations of comity" held "forfeited where, as here, it is raised for the first time on appeal" (quotation omitted) (citing *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 373 (2d Cir. 2005))). So too here.

For these reasons alone, the Court finds that Howard's second motion to compel should be granted.

### *The Court's earlier decision is binding.*

Next, the Court sees no reason to revisit its earlier order because the County did not object to, nor seek clarification about, the Court's earlier decision unsealing Howard's entire file. As such, it is the law of the case.

"The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotation marks omitted). Relevant here, "[d]ecisions of magistrate judges to which no party objects become the law of

10

the case." *Tripathy v. Schneider*, No. 21-CV-6339-FPG-MJP, 2024 WL 4528763, at *8 (W.D.N.Y. Oct. 18, 2024) (quoting *Glogowski v. Organix Indus., Inc.*, No. 06-6575, 2015 WL 13574335, at *9 (W.D.N.Y. June 9, 2015)). This Court's grant of Howard's earlier motion to unseal and its unambiguous requested relief resolves the parties' present dispute.

Admittedly, the law of the case doctrine is not binding. *In re Peters*, 642 F.3d 381, 386 (2d Cir. 2011) ("The law of the case doctrine, although not binding, 'counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons,' including, inter alia, 'the need to correct a clear error or prevent manifest injustice.'" (internal quotation marks omitted) (quoting *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008))). The County has strong reasons for not releasing grand jury materials. As noted, however, the County's arguments are forfeit. And so, the Court sees no reason to revisit its order and the relief it granted.

Independently, under Fed. R. Civ. P. 72(a), the County had 14 days to object to this Court's earlier decision. The County cannot now "assign as error a defect in the order not timely objected to." *Id*. Blackletter law holds that "failure to object to a magistrate judge's ruling with respect to a non-dispositive motion forfeits the right to any further review of that decision, either by the district court or on appeal." *Kilcullen v. New York State Dep't of Transp.*, 55 F. App'x 583, 585 (2d Cir. 2003)

11

(citing *Spence v. Maryland Cas. Co.*, 995 F.2d 1147, 1155 (2d Cir. 1993)); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir. 2008) ("Accordingly, we hold that a *pro se* litigant who fails to object timely to a magistrate's order on a non-dispositive matter waives the right to appellate review of that order, even absent express notice from the magistrate judge that failure to object within ten days will preclude appellate review."). The County could have challenged the Court's order to unseal Howard's entire file. Or the County could have asked the Court for clarification that the Court's earlier order meant what it unambiguously said. It did neither.

### *The Court rejects the County's arguments.*

The County wants this motion to be about Howard's purported failure to meet the applicable burden for releasing grand jury and PSI materials. To that end, the County lays out the correct legal standards. In another case, with a starkly different procedural history, the County's argument might work.

But the County's argument comes too late. As noted, Howard repeatedly indicated that he was seeking all records related to his criminal prosecution by requesting them in his discovery requests and later in his motion to unseal. While bizarre, the County assented to that relief. Even if the County did not intend to do so, it cannot escape its representation to this Court:

> Upon review, the County has decided [ ] to not oppose and to join in Plaintiff's motion to unseal *the file* in "People v. Darius Howard, Ind. No. 2016-154", ECF No. 28. We still plan to oppose Plaintiff's other motion, ECF No. 29.

(Letter at 1, ECF No. 30, Oct. 8, 2024 (emphasis added).) Worse, even when the County eventually opposed Howard's motion to unseal, it mentioned nothing about other sealing provisions. So the Court held that the County had forfeited its chance to raise those arguments to the extent that they are prudential. *See Howard*, 2024 WL 4884216, at *16 ("Because the Court determines that it may hear Howard's motion to unseal, the Court likewise finds that the County has forfeited any chance to oppose it on substantive (though certainly not jurisdictional) grounds." (citation omitted)). The Court rejects the County's arguments about the need for a particularized showing because, in the Court's view, the County had its chance to make these arguments and failed to raise them when it should have.

Even so, the County might be able to argue that the Court should not deem its arguments about other sealing provisions forfeited. Courts sometimes provide parties additional opportunities "to respond to particular arguments by ordering additional briefing or an extra round of oral argument." *Document Sec. Sys., Inc. v. Ronaldi*, No. 20-CV-6265-EAW-MJP, 2022 WL 2207185, at *11 (W.D.N.Y. June 21, 2022) (quoting *Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001)). But this is not a situation where the County raised a new argument in reply

13

or even moved for the Court to reconsider its unambiguous relief granting the release of Howard's entire file. This raises other legal principles that counsel against allowing the County to raise these arguments belatedly.

These include the principles of party presentation, the now-binding nature of the Court's earlier decision and order, and the court's management of its docket, which can be summed up by noting that "orderly disposition of cases requires parties not unduly delay in seeking relief." *Id.* (quoting *Scott-Iverson v. Indep. Health Ass'n, Inc.*, No. 13-CV-451V(F), 2017 WL 3498283, at *2 (W.D.N.Y. Aug. 16, 2017)). On balance, even the County's best argument on forfeiture—which, ironically, the County did not raise—misses the mark.

In sum, while the Court will sometimes intervene to save a *pro se* litigant from shooting him or herself in the foot, it is not this Court's duty to intervene when a sophisticated litigant like the County of Monroe does so. *See Sineneng-Smith*, 590 U.S. at 375 ("In criminal cases, departures from the party presentation principle have usually occurred 'to protect a *pro se* litigant's rights.'" (quoting *Greenlaw*, 554 U.S. at 244)). Because comity is *prudential*, this Court would have overstepped its bounds by raising other sealing provisions *sua sponte*.[2] The time for

---

[2] This is not to say that the County's interests are insignificant. In the typical case where a municipality or district attorney's office has not forfeited

14

the County's arguments about grand jury and other sealed materials was when Howard moved to unseal his entire file, not today. The Court rejects the County's arguments.

## ATTORNEYS' FEES

Where, as here, the Court grants a Rule 37(a) motion and the disobedient party has the opportunity to be heard, "the court must ... require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Courts may not order such payment if the party's "nondisclosure, response, or objection was substantially justified[.]" Fed. R. Civ. P. 37(a)(5)(A)(ii). "The burden is on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust." *Xerox Corp. v. Conduit Glob., Inc.,* No. 21-CV-6467-EAW-MJP, 2024 WL 3548411, at *5 (W.D.N.Y. July 26, 2024) (quoting *White v. Larusch,* 532 F. Supp. 3d 122, 124 (W.D.N.Y. 2021)). While other exceptions exist for an award of

---

arguments about keeping grand jury and PSI materials secret, the Court would consider (1) the parties' interests (2) federal interests, and (3) state interests. For example, a federal civil rights plaintiff's interests in the sealed grand jury records of another might not sway this Court when weighed against the state's interests in maintaining grand jury secrecy and the privacy interests of the person to whom those records pertain. So, the Court is careful to note that this case is an outlier.

15

fees under Rule 37(a)(5)(A), the County raises only substantial justification.

Here, the Court finds no substantial justification in the County's response. *First*, the County's position fails to address forfeiture:

> It is further respectfully submitted that not only does the County's position comport with the Court's Decision and Order …, but also with federal jurisprudence, and, as such, is substantially justified and not a basis for the issuance of sanctions.

(Opp'n. at 9, ECF No. 48.) The County has failed to meet its burden on substantial justification because it failed to show why its position was reasonable, notwithstanding its failure to raise arguments about other sealing provisions. It was the County's burden to show how its position has a "reasonable basis both in law and fact." *Novick v. AXA Network, LLC*, No. 07 CIV. 7767 AKH KNF, 2013 WL 7085799, at *2 (S.D.N.Y. Nov. 6, 2013) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

*Second*, even if the Court considered the County's position on its merits, it would find no substantial justification. As discussed, this Court unambiguously ordered the County to produce Howard's *entire* file. *See Jackson v. Nassau County*, 602 F. Supp. 3d 352, 355 (E.D.N.Y. 2022) (noting that substantial justification exists "where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request, or if there exists a genuine dispute concerning compliance" (quoting *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd.*

16

*v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012))). The inescapable conclusion here is that the County has lost its arguments about other sealing provisions. A reasonable litigant would know this. The County had the opportunity to be heard about other sealing provisions:

- after Howard requested his entire file in discovery requests;
- after Howard moved to unseal;
- after the County decided to oppose Howard's motion to unseal; and
- after the Court issued its order by filing a motion for clarification or reconsideration or by appealing the Court's order.

In sum, the County's position is unreasonable. Thus, the Court finds no substantial justification. Howard may move for attorneys' fees within 30 days of this decision and order.

### WARNING

The Court declines to assess additional sanctions against the County, except as needed under the enforcement mechanism the Court has crafted regarding the deadline for the County to hand over Howard's entire file. However, serious consequences may follow if the County fails to follow this order. These include a report and recommendation or decision and order for the sanctions listed in Fed. R. Civ. P. 37(b)(2)(B)(i)–(vii). The most serious of these would be a recommendation of default

judgment against the County or a recommendation that the District Court find the County (or its counsel) in contempt.

The Court declines to assess additional sanctions because the County lacks "a demonstrated history of willful non-compliance with court order[s]." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (quotation omitted). Although the Court concludes that the County has "fail[ed] to obey an order to provide or permit discovery," it is possible that the County misread (or failed to read) the Court's earlier order. Fed. R. Civ. P. 37(b)(2)(A).

But the Court notes that a finding of willfulness is unnecessary to impose sanctions under Rule 37. Still, the Court remains swayed that only a warning is appropriate because of the lack of prejudice to Howard. *See Doug's Word Clocks.com Pty Ltd. v. Princess Int'l, Inc.*, 323 F.R.D. 167, 174 (S.D.N.Y. 2017) (internal citations and quotation marks omitted) (The Court must also "consider the extent to which the prevailing party has been prejudiced by the defaulting party's noncompliance and must ensure that any sanction imposed is just and commensurate with the failure to comply."). But recognizing that sanctions can be "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction[,]" the County is **WARNED** that future disobedience will likely result in sanctions. *Agiwal v. Mid Island Mortg.*

18

*Corp.*, 555 F.3d 298, 303 (2d Cir. 2009) (quoting *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

\* \* \*

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Howard's second motion to compel and awards attorneys' fees. The County is **ORDERED** to hand over the complete contents of Howard's file as requested in his motion to unseal, (ECF No. 28), **FORTHWITH.** The County must file proof in the form of a sworn declaration memorializing it has handed over Howard's entire file.

If the County fails to hand over Howard's file to Howard's counsel by close of business on January 31, 2025, absent a stay or request for additional time by the County, the Court will order the County to show cause why the Court should not impose additional monetary fines or other sanctions to secure the County's compliance with this order pursuant to Fed. R. Civ. P. 37(b). *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 354 (S.D.N.Y. 2023) ("When determining the appropriate remedy for a violation of Rule 37(b), a court 'should impose the least harsh sanction' that will 'serve as an adequate remedy; the range of sanctions, from the least harsh to the harshest, include further discovery, cost-shifting, fines, special jury instructions, preclusion, entry of default judgment, and dismissal.'"

(quoting *Slovin v. Target Corp.*, No. 12 Civ. 863 (HB), 2013 WL 840865, at *6 (S.D.N.Y. Mar. 7, 2013))).

Until the Court orders otherwise, all materials the Court has ordered produced in its earlier order, (ECF No. 44), and in this order, shall be deemed confidential under the operative protective order in this case. The Court also gives the County leave to apply for these materials to be deemed attorneys' eyes only.

**IT IS SO ORDERED.**

Dated: January 24, 2025
Rochester, NY            */s/ Mark W. Pedersen*
                          MARK W. PEDERSEN
                          United States Magistrate Judge