UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARIUS HOWARD,

                              Plaintiff,

        -against-

CITY OF ROCHESTER,
JONATHAN LAUREANO,
COUNTY OF MONROE, and
DARREN PILATO,

                              Defendants.

Case No.: 23-cv-6561 (FPG) (MJP)

**DECLARATION OF ELLIOT D. SHIELDS**

        ELLIOT D. SHIELDS, hereby declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

        1.      I am associated with Roth & Roth, LLP, where I represent plaintiffs in personal injury and civil rights lawsuits.

        2.      I am co-counsel for the Plaintiff with Clyde Rastetter, and as such I am fully familiar with the facts and circumstances of this action. Pursuant to this Court's Decision and Order dated January 24, 2025 (the "Order") (Dkt No. 53), granting attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A) against the County Defendants, I respectfully submit this Declaration in support of Plaintiff's application for an Order directing payment of such fees and costs.

        3.      The undersigned kept contemporaneous time records containing a brief or shorthand explanation of the work performed, with time expended reported in tenths of an hour. The excerpt of these records relevant to this application are appended as **Exhibit "1".**

1

4.      The Order directs the County Defendants to pay Plaintiff's fees and costs related to the second motion to compel, which sought production of the Grand Jury and Presentence Investigation materials that the County had refused to produce, despite the Court's unambiguous prior order at ECF 44.

5.      On November 25, 2024, this Court entered a Decision and Order in this case, granting Plaintiff's Motion to Unseal his state court criminal records. The Court ordered the County to produce "the complete contents of the file related to Plaintiff Darius Howard's underlying criminal prosecution, People v. Darius Howard, Ind. No. 2016-154." ECF 44.

6.      The County did not, however, produce the grand jury and presentence investigation materials, even after this Court's Decision and Order. Instead, the County claimed that it could not produce the grand jury materials and presentence investigation report because they were allegedly not covered by this Court's prior order and were still sealed pursuant to other state sealing statutes. The County's position was that the grand jury and presentence investigation materials were not part of the "file" because they were subject to separate sealing orders.

7.      On December 20, 2024, the County partially complied with the Court's order, but refused to produce the grand jury materials or the presentence investigation report.

8.      The County claimed that it could not produce the grand jury materials and presentence investigation report because they were allegedly not covered by this Court's prior order and were still sealed pursuant to other state sealing statutes.

9.      I immediately emailed defense counsel and informed him that we disagreed with his interpretation and requested that the County immediately produce the grand jury materials and the presentence investigation report.

10.      After this email exchange, my co-counsel Clyde Rastetter and I called defense counsel, Adam Clark, and had a 21-minute telephone call regarding the County's position and this Court's order. Plaintiff repeatedly informed the County that the Court's order was clear and unambiguous that the "complete contents" of the file were unsealed and ordered to be produced, and so their position was meritless. Mr. Clark disagreed. I informed Mr. Clark that I did not want to make a motion, and so I would write to the Court and explain we had a disagreement about the scope of the order.

11.      I filed a letter at ECF 45 requesting a conference regarding the dispute.

12.      The Court denied the request for a conference and directed Plaintiff to file a motion to compel and for sanctions. ECF 46.

13.      As detailed in Exhibit 1, on December 20, 2024, I immediately began drafting the Motion to Compel and for Sanctions. I conducted legal research and edited the motion, and once a final draft was completed, I sent it to my co-counsel, Mr. Rastetter, for review.

14.      On December 23, 2024, I reviewed Mr. Rastetter's comments and edits, and then filed the motion on December 23, 2024.

15.      The County filed its opposition to the motion on January 3, 2025. I reviewed the opposition papers and drafted a reply, which I sent to Mr. Rastetter for review January 10, 2025.

16.     On January 13, 2025, I reviewed and edited Mr. Rastetter's draft of the reply memorandum.

17.     On January 24, 2025, this Court entered a Decision and Order granting Plaintiff's motion and awarding attorney's fees. I reviewed the order and spoke with Mr. Rastetter regarding the order and the fee application.

18.     In total, I spent **12.1 hours** between December 20, 2024 and January 24, 2025 directly related to the Motion to Compel and for Sanctions, ECF 46.

19.     These fees and costs claimed are correct and were reasonably and necessarily incurred in connection with the second motion to compel.

20.     Plaintiff seeks compensation at a rate of $675 per hour, for the reasons more fully explained in the accompanying memorandum of law.

21.     Annexed hereto in support of the requested hourly rate of $675 per hour, is the decision and order of Justice Arlene Bluth in *Roth & Roth, LLP v Long Island Railroad and Metropolitan Transportation Authority,* Index No. 158366/22 (Supreme Court, New York County), where Justice Bluth granted me my requested hourly rate of $675 per hour. Justice Bluth specifically found that "$675 an hour for Mr. Shields who has been admitted since 2013, more than a decade, is also within reason." (See attached **Exhibit 2**, transcript p. 58, lines 2-17).

22.     Annexed hereto as Exhibit 3 is a copy of the Fitzpatrick Matrix, which was developed and maintained by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO), and which provides a reliable measure of prevailing market rates for attorneys in complex federal litigation.[1] (Annexed hereto as **Exhibit 3**). It

---

[1] Also available at USAO Attorney's Fee Matrix https://www.justice.gov/usao-dc/media/1353286/dl?inline (last accessed 02/20/2025).

is based on actual fee data from federal court dockets in the District of Columbia, a market comparable to New York City, where me and my co-counsel, Mr. Rastetter, both maintain our offices.

23.    I graduated law school in 2012 and was admitted in 2013. According to the Fitzpatrick Matrix, attorneys with 12 or 13 years of experience in complex federal litigation should be compensated at a rate of $698 and $711 per hour, respectively.

24.    Thus, my requested rate of $675 per hour is reasonable as it is lower than the rate suggested by the Fitzpatrick Matrix for attorneys with 12 to 13 years of experience.

25.    Thus, Plaintiff respectfully requests that the Court enter an order granting Plaintiff a total of **$8,167.50** as reasonable attorney's fees for the 12.1 hours I worked on the second motion to compel (in addition to the fees requested by Mr. Rastetter).

Dated: New York, New York   Respectfully Submitted,
   February 24, 2025    ROTH & ROTH LLP


        By: _____~/s/~_____
         Elliot Dolby Shields, Esq.
         *Counsel for Plaintiff*
         192 Lexington Ave, Suite 802
         New York, New York 10016
         Ph: (212) 425-1020


To: All parties (via ECF)