# Kopke Christiana & Rastetter LLP

199 Cook Street, Suite 308<br>
Brooklyn, NY 11206<br>
t: (917) 451-9525<br>
f: (347) 315-9815<br>
e: office@kcrllp.com

May 16, 2025

**Via ECF**
Hon. Mark W. Pedersen
United States District Court
Western District of New York
100 State Street
Rochester, NY 14614

          Re:    *Howard v. City of Rochester et al.*
                   23-cv-6561 (FPG) (MJP)

Your Honor,

      We represent the Plaintiff, Darius Howard ("Plaintiff") in the above-referenced action. We write in response to the letter filed today by the City Defendants regarding their improper termination of the deposition of Defendant Jonathan Laureano ("Laureano" or "Defendant Laureano"), in order to renew Plaintiff's prior requests for relief. *See* ECF No. 61 at 2.

      As Your Honor is aware, on April 1, 2025, the City Defendants unilaterally terminated Defendant Laureano's deposition after approximately six hours of questioning when counsel announced his intention to inquire about the *Devin Johnson* matter. *See* ECF No. 61. This occurred notwithstanding the Court's January 17, 2025 letter which permitted such questioning. *See* ECF No. 72.

      Following said termination, Plaintiff promptly sought the Court's intervention. *See* ECF No. 61. On April 7, 2025, the Court heard arguments regarding the dispute. *See* ECF No. 64. The Court directed City Defendants to file any motion to preclude testimony from Laureano by May 16, 2025, and cautioned "that it may have to award attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5) in the event that a protective order is granted or denied in full if the basis for the City's forthcoming motion is Rule 26(c)." *Id.*

      Today, the City Defendants indicated that they "decline[d] to make a formal motion" but purported to "reserve [their] right to move" at a later date. ECF No. 71. After receiving the City Defendants' letter, the undersigned attempted contacting counsel for City Defendants several times, both by email and telephone, to discuss rescheduling Laureano's deposition and Plaintiff's position that City Defendants should bear the costs of the same. We have not received a reply as of this filing.

City Defendants' failure to follow the proper procedure under Rule 30(d)(3) when terminating Laureano's deposition, and their failure to seek appropriate relief by today's deadline, demonstrate that their actions were wholly unjustified. *See Ryan v. Town of Tonawanda*, No. 23-CV-351LJV(F), 2024 WL 4456928, at *2 (W.D.N.Y. Oct. 10, 2024) (noting Rule 30(d)(3) requires "a reasonably prompt response" to alleged deposition misconduct and that failure to do so supports a finding that the complaints about alleged misconduct lack credibility). Therefore, Plaintiff submits that "appropriate sanction[s]" are in order, including an award of reasonable expenses and attorney's fees incurred due to the City Defendants' unwarranted frustration of Plaintiff's fair examination of Defendant Laureano. *See* Fed. R. Civ. P. 30(d)(2); *Morales v. Zondo, Inc.*, 204 F.R.D. 50, 53 (S.D.N.Y. 2001) ("Sanctions, including costs and attorney's fees, may be awarded under Rule 30 for conduct that the Court determines has frustrated the fair examination of the deponent.")

Specifically, Plaintiff respectfully requests that the Court:

1. Order the continuation of Defendant Laureano's deposition no later than June 27, 2025;

2. Allow Plaintiff a total of 1.5 hours of continued questioning (to account for time lost to arguments during the prior deposition);

3. Following the completion of Laureano's continued deposition, set a briefing schedule for Plaintiff's anticipated motion for reasonable costs and attorneys' fees incurred because of the City Defendants' improper actions in terminating Laureano's original deposition.

Thank you for your consideration.

Sincerely,

KOPKE CHRISTIANA & RASTETTER LLP

/s/Clyde Rastetter
Clyde M. Rastetter

ROTH & ROTH, LLP

/s/Elliot Shields
Elliot Shields

*Attorneys for Plaintiff*
