UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**Darius Howard,**

    Plaintiff,

v.

**City of Rochester, et al.,**

    Defendants.

**DECISION and ORDER**

23-cv-6561-FPG-MJP

---

## INTRODUCTION

**Pedersen, M.J.** Plaintiff Darius Howard requests that this Court permit him to move forward with sanctions against the City Defendants. (ECF No. 74, May 16, 2025.) Rather than permit full-blown motion practice on the question, the Court nips this issue in the bud. The Court denies Plaintiff's request for leave to set a briefing schedule for a motion seeking reasonable costs and attorneys' fees because the Court sees no reason to award sanctions against the City under Fed. R. Civ. P. 30(d)(2). But the Court grants Plaintiff's request for 1.5 more hours of deposition time and directs that the parties complete the deposition at issue by the end of June 2025.

## BACKGROUND

This order arises from a discovery dispute dating back to January 2025. The dispute began because the cast of characters in this case overlaps with that of another case pending before the Chief Judge (and a

1

different Magistrate Judge), *Johnson v. City of Rochester*, 21-cv-6683-EAW-CDH. Chief Judge Wolford issued a decision and order in *Johnson* barring further discovery. *Johnson v. City of Rochester*, No. 6:21-CV-06683 EAW, 2024 WL 4799913, at *3 (W.D.N.Y. Nov. 15, 2024).

Before turning to *Johnson*'s impact (or not) on this case, several overlapping cast members bear mentioning. *First*, Plaintiff's counsel in this case also represents the plaintiff in *Johnson*. *Second*, the cases involve allegations about the same former City of Rochester Police Officer, Jonathan Laureano. And *third*, the City's Law Department is defending Laureano in both cases.

Given the Chief Judge's ruling, the defense argues that Plaintiff's counsel would like backdoor discovery that he can use in *Johnson*. In letters exchanged off-the-docket, the parties alerted the Court to the City's request "that Plaintiff agree to postpone Officer Laureano's deposition until after the trial in *Johnson v. City of Rochester*, 21-cv-6683." (Pl. Letter at 1, on file, Jan. 8, 2025.) The City's request was based on the Chief Judge's decision in *Johnson*. The City reasoned that Plaintiff should not obtain indirectly what he could not obtain directly. Responding, Plaintiff opposed the City's request from the outset:

> Plaintiff cannot agree to postpone the [Laureano] deposition … Fact discovery closes May 9, 2025, and Officer Laureano's deposition has been properly noticed well within the discovery period. After Officer Laureano's deposition, Plaintiff anticipates serving follow-up discovery demands and conducting numerous additional depositions that will

2

> need to be completed before the discovery deadline. Delaying Officer Laureano's deposition would severely compress the time available for this necessary follow-up discovery.

(*Id.*) The Court heard from the parties about the dispute during a conference on January 10, 2025.

During that conference, Plaintiff's counsel alluded to his ethical obligation to pursue relevant discovery under Fed. R. Civ. P. 26(b)(1). To the undersigned, Plaintiff's position appeared to be one of good faith. Likewise, the undersigned determined that the City was proceeding in good faith and wanted to bring this issue to the Court's attention before resorting to motion practice.

Ultimately, the Court determined that a letter to the parties was appropriate in part because the Court wanted to afford the City the opportunity for formal briefing. So on January 27, 2025, the undersigned wrote the parties. In that letter, the Court indicated it would likely permit Plaintiff's counsel to use this arguable "backdoor," stating: "I am not inclined to grant the City Defendants any relief regarding Mr. Laureano's deposition." (Letter at 1–2, ECF No. 63-1 (attached as Exhibit 1 to ECF No. 63).) After all, Plaintiff properly noticed Laureano's deposition in this case. So the only limitation the undersigned noted regarding the Laureano's deposition was that Plaintiff's questions to Laureno should be relevant to *this* case. (*Id.* at 2 ("In short, if Mr. Shields asks Mr. Laureano a question that is relevant to the *Howard* case (and otherwise permissible), I see no problem.").)

3

Plaintiff's counsel believes that allegations about *Laureano* are relevant to this case "because" the two cases "involve[] similar allegations that Laureano provided false sworn testimony and/or included untruthful statements in his official reports." (Letter at 1, ECF No. 61, Apr. 2, 2025.) It appears that City counsel permitted questioning about Laureano's credibility in other cases:

> Although [City counsel] had allowed me to question Laureano about *People v. Allen*, Ind. No. 2021-0027A (Monroe Cty. Ct.) (Exhibit 1); *People v. Parsons*, Ind. No. 2019/0597 (Sup. Ct. Monroe Cty. Dec. 2, 2019) (Exhibit 2); and *United States v. Brookins*, No. 17-cr-6019-CJSJWF (W.D.N.Y. Sept. 28, 2018) (Exhibit 3), he abruptly terminated the deposition without letting me pose even one question about Johnson. The suppression ruling in *People v. Johnson*, Ind. No 2020/0070 (Monroe Cty. Ct.) is attached as Exhibit 4.

(*Id.* at 2.) Plaintiff posits that despite the Court's letter advising the parties of its position, the City improperly terminated the Laureano deposition. True, City counsel inaccurately described the January 17 letter as an "order … that says that you can't ask questions about the Devin Johnson case." (Rough Tr. 9:25–10:3, on file.)

The Court finds that the City misread the Court's January 17 letter. *First*, the letter is expressly not an order. Instead, the Court gave the parties its initial reaction but further gave the City the chance to move for relief to attempt to convince the Court otherwise through a

4

discussion of applicable law.[1] (Letter at 1, ECF No. 63-1 (attached as Exhibit 1 to ECF No. 63).) The Court accordingly indicated that it was *unlikely* to grant the City relief concerning Laureano's deposition.

*Second*, the letter stated that Plaintiff's counsel could not ask a question "relevant **only** to the *Johnson* case." (*Id*. at 2.) The word "only" is key. If Plaintiff's counsel asks a question relevant to *this* case that so happens to bear on *Johnson*, that is permissible.[2] But the City reads the Court's letter too broadly: The City's "interpretation … is that questioning Officer Laureano specifically about [the] subject of the *Johnson* case is impermissible." (Letter at 2, ECF No. 63, Apr. 4, 2025.) Not so.

To clear up any lingering doubt, the Court *sua sponte* issued a text order. The City prompted that text order by writing to the Court to purport to reserve the right to terminate the Laureano deposition *again* if Plaintiff's counsel questioned Laureano about the *Johnson* case. (Letter at 1, ECF No. 71 ("I would, however, reserve my right to move in the event that the questioning at [Laureano's] resumed deposition runs afoul of Your Honor's directive in your letter of January 17, 2025.").) The

---

[1] Thus, the City has had since mid-January to move to limit the Laureano deposition yet has not done so. This reinforces the Court's finding below that the City has forfeited the ability to move to limit the Laureano deposition.

[2] This likely includes credibility questions about the *Johnson* case, which are relevant in *Howard* because they tend to show Laureano's propensity for truthfulness—a topic that parties may always explore during discovery and at trial. Moreover, deposition testimony, like all discovery, need not be admissible.

Court proceeded to tell the City that it misapprehended the Court's earlier letter:

> While the Court believes that its letter found in Exhibit 1 to ECF No. 71 was clear on this point, the Court issues this text order *sua sponte* to clarify its position to the parties. The Court's position is that Mr. Shields may ask **any** question relevant to this case of Defendant Laureano during his deposition, including questions that also happen to be relevant to the *Johnson* case in which discovery has closed. The Court thus disagrees with the City's statement that "questioning Officer Laureano specifically about subject [sic] of the *Johnson* case is impermissible." (Letter at 2, ECF No. 63.) Again, Mr. Shields may ask questions about the *Johnson* case as long as they are also relevant under the broad discovery standard of Fed. R. Civ. P. 26 to this case.

(Text Order, ECF No. 72, May 16, 2025 (emphasis in original).)

The same day, Plaintiff renewed an earlier request for sanctions, "including an award of reasonable expenses and attorney's fees incurred due to the City Defendants' unwarranted frustration of Plaintiff's fair examination of Defendant Laureano." (Letter at 2, ECF No. 74, May 16, 2025.) Plaintiff also requested that the Court "[o]rder the continuation of Defendant Laureano's deposition [for] no later than June 27, 2025[.]" (*Id.*) Additionally, Plaintiff asked the Court to allow Plaintiff 1.5 hours of questioning. (*Id.*) At the Court's direction, (Text Order, ECF No. 75, May 17, 2025), the City responded. (Letter, ECF No. 77, May 22, 2025.)

In its response, the City consented to Plaintiff questioning Laureano for an additional hour. (*Id.* at 1.) As noted, the City continued to assert that it would move to terminate "if the questioning violate[d]" the

6

Court's January 17 "directive." (*Id.* at 2.) As the Court discusses below, the City's purported reservation of the right to terminate the deposition again is procedurally improper. Given that, and the finding that the Court should not award sanctions against the City, the Court has determined that it will put an end to this discovery dispute.

## DISCUSSION

Before turning to its reasoning, the Court summarizes its rulings. *First*, based on its review of video and a rough transcript of the relevant portions of the Laureano deposition, the City was unjustified in terminating that deposition because City counsel misread the January 17 letter. *Next*, the City has lost the chance to limit the Laureano deposition.[3] The City did not move for relief by the Court's deadline. *Third*, while the Court declines to impose sanctions under Fed. R. Civ. P. 30(d)(3), the Court affords Plaintiff 1.5 hours of additional deposition time. Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."). *Finally*, the parties are to complete the renewed Laureano deposition by the end of June 2025.

---

[3] Of course, the City may still direct Laureano not to answer based on privilege.

7

## I. Plaintiff may ask Laureano questions about the *Johnson* case.

"It is well-settled that a deponent is required to answer questions at his oral deposition unless an objection is interposed based on privilege, to enforce a court[-]ordered limitation, or to enable the witness to seek relief from questioning which creates unreasonable annoyance, embarrassment, or is found oppressive pursuant to Fed. R. Civ. P. 30(d)(3)." *Scott v. Howard*, No. 15-CV-1000A(F), 2019 WL 311618, at *1 (W.D.N.Y. Jan. 24, 2019) (citations omitted). Under Fed. R. Civ. P. 30(d)(3)(A), the City could move to terminate the Laureano deposition "on the ground that it [was] being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." But this Rule does not afford the City the ability to reserve its objection for a follow-up deposition of the same witness.

Instead, Fed. R. Civ. P. 30(d)(3)(A) anticipated that the City could suspend the deposition "for the time necessary to obtain an order." As this District has noted, Rule 30(d)(3) "requires a reasonably prompt response by a deponent." *Ryan v. Town of Tonawanda*, No. 23-CV-351LJV(F), 2024 WL 4456928, at *2 (W.D.N.Y. Oct. 10, 2024) (citation omitted). Thus, courts in this District have held that where, as here, a party fails "to timely seek relief pursuant to Rule 30(d)(3)" the Court may find that party's objection forfeited. *Id*. The language of Rule 30(d)(3), in this Court's view, requires that the party moving to

8

terminate a deposition "not unduly delay in seeking relief." *Document Sec. Sys., Inc. v. Ronaldi*, No. 20-CV-6265-EAW-MJP, 2022 WL 2207185, at *11 (W.D.N.Y. June 21, 2022) (quoting *Scott-Iverson v. Indep. Health Ass'n, Inc.*, No. 13-CV-451V(F), 2017 WL 3498283, at *2 (W.D.N.Y. Aug. 16, 2017)). The thrust of the Rule is that the aggrieved party should move and obtain an order so that the same issue cannot reemerge in a rescheduled deposition.

To provide the parties with finality in such an order, the Court set a deadline of May 17, 2025, for the City to move to limit the Laureano deposition. (Text Order & Minute Entry, ECF No. 64, Apr. 7, 2025 ("Any motion from the City to preclude testimony from Officer Laureano is due by 5/16/25.").) Rather than move by May 16, the City wrote the Court, stating that the City "would [ ] reserve [the] right to move in the event that the questioning at his resumed deposition runs afoul of Your Honor's directive in your letter of January 17, 2025." (City Letter at 1, ECF No. 71.) In its most recent letter of May 22, 2025, the City reiterated its intent to move to terminate the Laureano deposition but "only if the questioning violates [the January 17 letter's] directive." (Letter at 2, ECF No. 77, May 22, 2025.) While the Court afforded the City time to move given City counsel's personal obligations, the City declined to do so yet continued to "reserve" the right to move to terminate the Laureano deposition. The City's position flies in the face of Rule 30(d)(3).

9

Again, the import of Rule 30(d)(3) is that the party seeking to limit topics or questioning at a deposition must secure a court order before any renewed deposition. *See Ryan*, 2024 WL 4456928, at *2. The Court afforded the City the opportunity to do so based on City counsel's personal circumstances and because it was the City's burden to show that the Court should limit the Laureano deposition. *Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 558 (S.D.N.Y. 1994). The Court finds that the City has forfeited any chance to limit the Laureano deposition because it declined to move by the May 17 deadline—despite the Court's May 17, 2025, due date for "[a]ny motion to preclude testimony." (Text Order & Minute Entry, ECF No. 64.)

The Court likewise rejects the City's reasoning for limiting the Laureano deposition on the merits. As noted, the City bore the applicable burden as "the party resisting discovery." *Riddell Sports Inc.*, 158 F.R.D. at 558. Yet other than touting the existence of Chief Judge Wolford's decision and order closing discovery in *Johnson*, and misinterpreting the undersigned's January 17 letter, the City has provided no authority to suggest that the *Johnson* order binds the undersigned in this case or operates to defeat an otherwise valid deposition notice. To the contrary, the "decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district,

10

or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quotation omitted). So too with this case.

Setting aside the City's failure to provide relevant authority, to the extent that the City raises relevancy as the basis for limiting the Laureano deposition, courts in this District reject similar arguments. *See Ryan*, 2024 WL 4456928, at *2 ("Nor is there any valid ground for Stauffiger's unilateral refusal to answer Plaintiff's questions by asserting a lack of relevancy." (collecting cases)). For these reasons, the Court declines to limit the Laureano deposition with respect to the *Johnson* case. Plaintiff's counsel may therefore question Laureano about the *Johnson* case.

## II. The Court declines to sanction the City.

Under Fed. R. Civ. P. 30(d)(2), the Court may impose "an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." In this case, although the Court disagrees with the City's reading of its January 17 letter, the Court declines to impose sanctions. City counsel's statements during the deposition indicate that counsel misread the Court's January 17 letter in good faith. (*See also* Letter at 2, ECF No. 63 ("My interpretation of this is that questioning Officer Laureano specifically about [sic] subject of the *Johnson* case is impermissible.").) Such a misreading does not warrant sanctions. *Cf. Cleary Gottlieb Steen & Hamilton LLP v. Kensington Int'l Ltd.*,

11

284 F. App'x 826, 828 (2d Cir. 2008) (upholding district court's deposition sanctions based on counsel's lack of "a good-faith motive" for dissuading witness from testifying).

Put differently, City counsel did not "engage in [ ] conduct during a deposition that would not be allowed in the presence of a judicial officer." *Scott-Iverson v. Indep. Health Ass'n, Inc.*, No. 13-CV-451V(F), 2017 WL 35453, at *9 (W.D.N.Y. Jan. 4, 2017) (quoting Advisory Committee Note to 1993 Amendment to Fed. R. Civ. P. 30(d)). Sanctions under Rule 30(d)(3) are warranted where counsel's actions are "so completely without merit as to require the conclusion that the conduct was undertaken to harass or delay or for some improper purpose." *Sicurelli v. Jeneric/Pentron, Inc.*, No. 03CV4934(SLT)(KAM), 2005 WL 3591701, at *7 (E.D.N.Y. Dec. 30, 2005), *report and recommendation adopted*, No. 03CV4934 SLT KAM, 2006 WL 681212 (E.D.N.Y. Mar. 14, 2006). And so, courts in this District have declined to impose sanctions where "the record reveals no abusive or oppressive conduct" by counsel. *Scott-Iverson*, 2017 WL 35453, at *4. So too here.

As the Court noted in recounting the factual and procedural background of this dispute, City counsel acted in good faith. Counsel's genuine misunderstanding of the Court's January 17 letter was his basis for terminating the Laureano deposition. The Court concludes this misunderstanding was genuine based on counsel's statements on the record

during the Laureano deposition and counsel's deportment during conferences in this case. On this record, the Court should not award sanctions but instead should give Plaintiff a full opportunity to re-depose Laureano about the *Johnson* case. The Court thus will permit Plaintiff to question Laureano for an additional 1.5 hours.

## CONCLUSION

For the foregoing reasons, the Court declines to award sanctions against the City and thus denies that portion of Plaintiff's letter request at ECF No. 74. Concerning ECF No. 74's other requests, the Court rules as follows: First, the Court affords Plaintiff 1.5 hours of additional deposition time. Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."). Second, the parties are to complete the renewed Laureano deposition by the end of June 2025.

**IT IS SO ORDERED.**

Dated:   June 9, 2025
         Rochester, NY          */s/ Mark W. Pedersen*
                                MARK W. PEDERSEN
                                United States Magistrate Judge